PHILIP N. BRAUN, Plaintiff, *v.* IRENE GARDNER et al., Defendants and Third Party Plaintiffs. GRAND UNION COMPANY, Third Party Defendant.

LEONARD J. KRICK et al., Plaintiffs, *v.* IRENE GARDNER et al., Defendants and Third Party Plaintiffs. GRAND UNION COMPANY, Third Party Defendant.

Municipal Court of Syracuse, May 25, 1948.

*Phillip Young* for third party defendant.

*Fraser Brothers* for plaintiffs.

*Gerber and Winkelstein* for defendants and third party plaintiffs.

McClusky, J. Pursuant to an order of this court dated March 23, 1948, the defendants were allowed to bring in as third party defendant, the Grand Union Company. This is a motion to dismiss the third party complaint made by the third party defendant in each of the above actions.

From the complaints herein it appears that on February 5, 1946, by a lease in writing the Chico Realty Co., Inc., leased to the plaintiff Braun the second floor space at No. 246 Walton Street in this city. On November 14, 1944, by a lease in writing the Syracuse Meat Company leased the third floor of premises at 248 Walton Street in this city to the Kricks. The Braun lease was subsequently assigned to the present defendants as was the Krick lease. Each of the leases contained a clause whereby the defendants' assignors were to furnish heat. Each lease was renewed and was in effect when it is alleged that by reason of the defendants' failure to perform the contractual obligation to furnish heat, the pipes froze and broke, damaging their goods and property.

The defendants in the third party complaint allege that the Grand Union Company was a tenant of the premises and that under a written lease and oral agreement the company was

to furnish heat for the sum of $10 per month extra to the other tenants and that through the negligence of the company in failing to fulfill their contractual obligations the pipes froze and caused the damage claimed by the plaintiffs. The company was not a party to the contracts entered into between the plaintiffs and the defendants.

Obviously the defendant company cannot be impleaded under section 211–a of the Civil Practice Act because action was not brought by the plaintiffs against the defendants and the company. (*Fox* v. *Western New York Motor Lines, Inc.,* 257 N. Y. 305.)

The question then arises as to whether or not the company can be brought in under section 193–a of the Civil Practice Act. Subdivision 1 of that section reads as follows: " After the service of his answer, a defendant may bring in a person not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him, by serving as a third-party plaintiff upon such person a summons and copy of a verified complaint. The claim against such a person, hereinafter called the third-party defendant, must be related to the main action by a question of law or fact common to both controversies, but need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff.''

There is no question but that the third party plaintiffs have filed their answers in the main actions. They likewise have served their complaints on the company. The cause of action in the main actions is based upon failure to perform a contractual obligation of furnishing heat. The third party plaintiffs maintain that the company contracted to furnish heat to the third party plaintiffs for the benefit of the said plaintiffs and the plaintiffs in the main action. The causes are related one to the other. The contention is that if damage was occasioned by failure to furnish heat, then the damages were caused by the failure of the third party defendant to perform its contract. There is a question of fact and of law common to both controversies.

The case of *Cloud* v. *Martin* (273 App. Div. 769) is clearly distinguishable from the case at bar for there was no common ground or cause. In the case of *Napack* v. *Grubman* (190 Misc. 718) there was no common question of law or fact in both controversies. The court in *Monteverdi* v. *French Realty Corp.* (190 Misc. 304) points out that it is no longer necessary under section 193–a to make a prima facie case of liability against the third party but that a mere likelihood of

liability is sufficient. It likewise points out the two contro-versies must involve substantial questions of law or fact common to both controversies and the third party must be a person who may be liable over for all or part of the plain-tiffs' recovery. In the case at bar there is a question of fact common to both controversies. Furthermore the company is a party which may be liable over for all or part of the plain-tiffs' recovery. To this court it appears that the instant situa-tion is one which comes squarely within the letter and intent of section 193-a.

Motion to dismiss the third party complaint in each action denied.