THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS SCIASCIA, Appellant.— Order of the County Court of Richmond County denying defendant's motion or application to have that portion of the original sentence imposing an additional term of not less than five and not more than ten years, under section 1944 of the Penal Law, declared null and void, affirmed. No opinion. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT PATERSON, Appellant.— Order of filiation of the Children's Court of Westchester County unanimously affirmed. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.

MIRIAM M. RANSOM, Respondent, v. MORTON HALBREICH, Appellant.— Action to recover damages alleged to have resulted from the failure of defendant to carry out one of the terms of a written agreement to purchase real property. Order of the County Court of Nassau County granting plaintiff's motion for summary judgment and dismissing the counterclaim, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ.

CHARLES A. RATHKOPF, Respondent, v. WILLIAM S. WALKER et al., Appellants, et al., Defendants.— In an action for libel, order striking from the appealing defendants' amended answer the first separate defense of justification, the second separate defense of privilege as fair report and comment, and the first partial defense of justification in mitigation of damages, modified to provide that the first separate defense and the second separate defense be struck out as insufficient in law, and that the motion to strike out be otherwise denied. As so modified, the order, insofar as appealed from, is affirmed, without costs. In our opinion the article complained of is libelous per se, and the complaint sufficient in law. (*Bennett* v. *Commercial Advertisers Assn.*, 230 N. Y. 125, 127.) The defense of justification is insufficient in that its allegations are not as broad as the charges in the article. (*Bingham* v. *Gaynor*, 203 N. Y. 27, 34.) The defense of privilege as fair report and comment cannot be sustained. (*Campbell* v. *New York Evening Post*, 245 N. Y. 320, 328.) The first partial defense of justification in mitigation of damages is sufficient in law. (*Wachter* v. *Quenzer*, 29 N. Y. 547, 551.) Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ., concur.

JOSEPH SCHLEMOVITZ, Respondent, v. CITY OF NEW YORK, Defendant and Third Party Plaintiff-Respondent. TITUS A. D'ORAZIO, Third Party Defendant, and ANNIE D'ORAZIO, Third Party Defendant-Appellant.— Plaintiff sued the defendant City of New York to recover for personal injuries alleged to have been sustained, when, in alighting from a truck, he stepped on the metal cover of a pipe which protruded above the sidewalk in front of premises owned by appellant. The defendant city, about two years after the commencement of the action, served a summons and complaint, as a third party plaintiff, against appellant and her husband, as third party defendants. Order denying appellant's motion to dismiss such third party complaint for insufficiency, and because of laches on the part of the defendant city,. affirmed, with $10 costs and disbursements to respondent City of New York. The time of the third party defendant, Annie D'Orazio, to serve her answer is extended until ten days after the entry of the order hereon. No opinion. Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ., concur.