JOHN PUGNI, Plaintiff, *v.* LANNING & HARRIS, INC., et al., Defendants.

LANNING & HARRIS, INC., Third-Party Plaintiff, *v.* BARNABY CONCRETE CORPORATION, Third-Party Defendant.

Supreme Court, Special Term, New York County, September 23, 1949.

*Alexander & Ash* for third-party defendant.

*Galli & Locker* for Lanning & Harris, Inc., defendant and third-party plaintiff.

CORCORAN, J.   The plaintiff was injured while working on a building in course of construction by the defendant, Lanning & Harris, Inc., as general contractor, for Metaplast Co., Inc., owner.   The plaintiff brought his action against both Lanning & Harris, Inc. and Metaplast Co., Inc., as defendants.

The complaint alleges that the plaintiff was caused to fall and to receive injuries solely because of the negligence of these two defendants " in failing and neglecting to supply adequate ladders, scaffolding and other devices for the safety of plaintiff and others lawfully upon said premises upon said occasion, and in that defendants were otherwise careless, reckless and negligent."   The plaintiff's bill of particulars alleges: "(c) The defendants, its agents, and servants were negligent in failing to provide plaintiff with a safe place to work; in failing to provide safe and adequate ladders, scaffolding, appliances, devices, tools and other working materials; in failing to keep fastened and in safe condition various boards, planks and other materials so that same would not cause planitiff to fall and be precipitated to the ground; in negligently and carelessly causing objects and material to be placed by defendants so that same endangered the life and safety of the plaintiff."

The general contractor, Lanning & Harris, Inc., served an amended third-party complaint upon the plaintiff's employer, Barnaby Concrete Corporation, pursuant to section 193-a of the Civil Practice Act, alleging, among other things, that they had entered into an agreement whereby Barnaby agreed to furnish " all the material and labor and to supply safe and adequate ladders, scaffolding, appliances, devices, tools, boards, planks and other working material for the construction of all the said concrete work on the aforementioned building, which was then in the course of construction."

The said amended third-party complaint then further alleges that Barnaby pursuant to said agreement had furnished, sup-

plied and maintained '' all the ladders, scaffolding, appliances, devices, tools, boards, planks and other working material which were used in connection with the concrete work being performed on the said building by the third party defendant Barnaby Concrete Corporation,'' and that it was the duty of Barnaby to furnish, supply and maintain safe and adequate ladders and other working material in connection with the concrete work which it was doing and to provide the plaintiff and all of its other employees with a safe and adequate place in which to work. This is followed by an allegation that Barnaby '' was in possession and control of all of the concrete work being done on the said building and was in possession and control of the ladders, scaffolding, appliances, devices, tools, boards, planks and other working material which it owned and which it used in connection with all of the concrete work which it did on the building aforementioned, and it was in control of the places on the said building where the plaintiff and its other employees were performing their work.'' Finally, the amended third-party complaint alleges that the general contractor, Lanning & Harris, Inc., '' had nothing to do with the concrete work being performed on the building aforementioned nor did it have anything to do with the ladders, scaffolding, appliances, devices, tools, boards, planks and other working material which was used in connection with the said concrete work being performed on the aforementioned building except that it had men in its said employ on the said building to see that the said subcontractor's employees on the said building did their work in accordance with the plans and specifications of the aforementioned building.''

The third-party defendant Barnaby now moves to dismiss the amended third-party complaint on the ground that it fails to state a cause of action against Barnaby and that it is improper to bring Barnaby into the action pursuant to section 193-a of the Civil Practice Act. The basis of the motion is said to be that no contract of indemnity has been pleaded and that one tort-feasor cannot bring in a joint tort-feasor. The plaintiff has not joined in the motion. Whether the plaintiff is entitled to a discretionary order dismissing the third-party complaint on the ground of prejudice to the plaintiff's case, as in *Bailey* v. *Kew Queens Corp.* (78 N. Y. S. 2d 5099) and in *Kloppenberg* v. *Brooklyn Union Gas Co.* (82 N. Y. S. 2d 687) is, therefore, not presented.

The governing principle is the doctrine of *Fox* v. *Western New York Motor Lines* (257 N. Y. 305, 307) to the effect that one

tort-feasor can bring in another only if the person sought to be brought in is " liable over to the defendant by reason of contract or status." Section 193-a of the Civil Practice Act has not abrogated this rule. Much has been written as to what constitutes " contract or status ", and it is difficult to reconcile some of the cases construing the application of this rule. I prefer to follow those cases adopting the more liberal construction of section 193-a.

It is true that under the pleadings in this case, Lanning & Harris, Inc., the general contractor, may be held liable for active negligence, in which event, of course, it would have no cause of action on its third-party complaint against Barnaby, the subcontractor. The plaintiff's complaint, as amplified by his bill of particulars, however, states an amorphous cause of action under which the general contractor may be held liable to him for passive negligence, as well as for active negligence. If the general contractor is held liable for passive negligence, it may shift the responsibility to the third party provided the latter should be found to have been the primary and active wrongdoer (*American Employers' Ins. Co.* v. *Brandt Masonry Corp.*, 252 App. Div. 506; *Mirsky* v. *Seaich Realty Co.*, 256 App. Div. 658; *Forman* v. *Udell*, 267 App. Div. 823).

It has been said that there is indemnity " upon common law principles ". (*Schwartz* v. *Merola Bros. Constr. Corp.*, 290 N. Y. 145, 156.) It has also been observed that " the wrongdoer stands in the relation of indemnitor to the person who has been held legally liable " (*Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214, 217), and that this is by reason of " status " rather than contract (*Branch* v. *Town of Eastchester*, 258 App. Div. 727).

Whether it be contract or status is immaterial, so long as it is one or the other, and the wrongdoer stands in the relation of indemnitor to the person who has been held legally liable.

Barnaby, the thiry-party defendant, argues that the plaintiff in his complaint has charged Lanning & Harris, Inc., with active negligence, and that the third-party complaint of Lanning & Harris, Inc., is entirely defensive to the complaint of the plaintiff. The third-party defendant claims that if the plaintiff proves that Lanning & Harris, Inc., is guilty of active negligence, then Lanning & Harris, Inc., has no claim over against anyone, and that if Lanning & Harris, Inc., on the other hand, convinces the trier of the facts that it had nothing to do with the accident, then the plaintiff is not entitled to a verdict. Thus, the third-party defendant concludes, in neither case has Lanning & Harris, Inc., a claim over against the third-party defendant.

I do not think we are faced with such a dilemma. The complaint does not denote in advance of trial the exclusive type of negligence upon which the plaintiff may be entitled to recover. It is broad enough to permit a number of varieties (*Walkowicz v. Whitney's, Inc.,* 178 Misc. 331). Some proof may establish the liability of the third-party defendant. It is not the province of the court, on motion, to speculate upon the possible factual presentation at the trial. It is sufficient that it appear from the pleadings that the jury could return a verdict against the general contractor on a theory of liability which would permit recovery over against the subcontractor. The third-party defendant can, of course, renew its motion to dismiss at the trial if, upon the evidence adduced, it becomes clear that there could be no liability over under any of the theories of negligence advanced at the trial.

Motion to dismiss is denied.