WILLIAM MIDDLETON, Plaintiff, *v.* CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. HUNTER L. DELATOUR et al., as Trustees of LONG ISLAND RAIL ROAD COMPANY, Third-Party Defendants-Respondents.

Argued February 28, 1950; decided April 6, 1950.

*John P. McGrath, Corporation Counsel* (*Stanley Buchsbaum* and *Seymour B. Quel* of counsel), for appellant.

*William J. O'Brien, Richard R. Bongartz* and *Ralph E. Marson* for respondents.

Judgment affirmed, with costs.

. Concur: LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE and FULD, JJ. FROESSEL, J., dissents in the following opinion in which DESMOND, J., concurs.

FROESSEL, J. (dissenting). A majority of the court hold the view that, under the pleadings in this case, the appellant, City of New York, and the third-party defendant-respondent railroad which it has impleaded, are joint tort-feasors *in pari delicto,* and that impleader under section 193-a of the Civil Practice Act should not be allowed. I am unable to concur in this conclusion.

I agree, of course, that a third-party complaint which shows on its face that the defendant and the third-party are joint tortfeasors *in pari delicto* must be dismissed, in the absence of a relation between the parties to the third-party action, based upon a contract of indemnity. However, where it cannot be determined as a matter of law upon the pleadings alone that the parties to the third-party action are *in pari delicto,* we should sustain the third-party complaint, and leave that question for determination at the trial upon the evidence as may be there adduced (*Schlemovitz* v. *City of New York,* 274 App. Div. 1064). It is better under such circumstances to allow the causes of action to stand awaiting trial (*Cosgrove* v. *City Ice & Fuel Co.,* 275 App. Div. 1030); otherwise, the liberal provisions of the 1946 impleader amendment would be emasculated, the flexibility which the Legislature intended to provide in our impleader practice destroyed, and the term " is or *may* be liable " (subd. 1) as used therein rendered nugatory. The former statute (Civ. Prac. Act, § 193, subd. 3, repealed by L. 1946, ch. 971) required a showing that the third-party defendant " is or *will* be liable " to the defendant for the judgment or part thereof which the plaintiff may recover against him. The change in language is not without significance.

Under the former statute, the applicant was obliged to make out a definite prima facie case of liability over (*Lumber Mut. Cas. Ins. Co.* v. *Roberts,* 266 App. Div. 749; *Kromback* v.

*Killian,* 215 App. Div. 19). The duty to make out such a case has clearly been obviated by the substituted language " is or may be liable ", by the use of which it would appear that the Legislature intended to permit the interposition of a third-party claim, at least as a matter of pleading, where there " may be " liability over, such as for indemnification on common-law principles by the third-party defendant as an active wrongdoer (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 192, 202–203).

In the case at bar the complaint contains two broad claims of liability against the city: (1) that it negligently " caused and permitted pools, puddles, a large collection of water, debris, muck, slime and foreign matter to accumulate and collect upon that portion of Kings Highway located " in the vicinity of a trestle or overhead structure of the Long Island Rail Road Company; and (2) that it caused and permitted a depression, a difference in levels and an unevenness to remain in said highway, causing the accumulations aforesaid, particularly in the vicinity of a clogged and improperly functioning catch basin — as the result of which the windshield on plaintiff's truck became wet, blurred and obstructed, and the brakes became wet, whereby plaintiff lost control of his automobile.

Since it may develop upon the trial that the proximate cause of the accident was, as claimed by the city, the active negligence of the railroad attributable to the first of the above grounds pleaded in the complaint, and that the city was merely passively negligent, surely impleader should be permitted. While the city may not escape liability to the plaintiff, the railroad may be liable over to it. In *Lobello* v. *City of New York* (294 N. Y. 816) we affirmed the Appellate Division (268 App. Div. 880), which modified the determination below by granting judgment in favor of the City of New York against the contractor as prayed for in the city's cross complaint. The Appellate Division there held that the proximate or immediate cause of injury to the plaintiff was the negligent act of the contractor, the active wrongdoer, and the City of New York was guilty of passive negligence only. (See, also, *City of Rochester* v. *Campbell,* 123 N. Y. 405, 411; *Village of Port Jervis* v. *First Nat. Bank,* 96 N. Y. 550; *City of Rochester* v. *Montgomery,* 72 N. Y. 65; *Tremblay* v. *Harmony Mills,* 171 N. Y. 598; *Kaplan* v. *City of New York,* 269 App. Div. 856.)

Subdivision 5 of section 193-a of the Civil Practice Act provides in substance that where a verdict in favor of a plaintiff against the original defendant might be rendered upon a ground which does not support the claim which the latter has asserted against the third-party defendant, the court must, on a motion of either the third-party plaintiff or the third-party defendant, instruct the jury to make appropriate special findings with respect to the ground of the third-party plaintiff's liability. Thus a procedure has been devised to permit the court to ascertain whether the verdict in favor of the plaintiff is based upon the ground which entitles the defendant to liability over from the third-party defendant for the latter's active negligence.

The order of Special Term denying the motion was proper, and the order of reversal of the Appellate Division " on the law " was error. The judgment appealed from should be reversed, and the motion denied, with costs.