NICHOLAS BORGIA, as Administrator of the Estate of LAURA BORGIA, Deceased, Plaintiff, *v.* LOKETCH, INC., et al., Defendants.

LOKETCH, INC., Third-Party Plaintiff, *v.* COSMOPOLITAN MUTUAL CASUALTY COMPANY OF NEW YORK, Third-Party Defendant.

Supreme Court, Special Term, Kings County, October 29, 1951.

*Arthur V. Lynch* for Long Island College Hospital, defendant.

*Leonard J. Meiselman* for Loketch, Inc., defendant and third-party plaintiff.

*Emanuel Morgenbesser* for third-party defendant appearing specially.

*Donato Di Palo* for plaintiff.

Nova, J. Plaintiff administrator herein sues to recover for the wrongful death of his infant daughter. The first cause of action is brought against the defendant Loketch, Inc., the operator of a self-service laundry. It is claimed that the accident was caused " solely " by the negligence of this defendant in failing to maintain the laundry in a reasonably safe condition in that it permitted a dangerous powder to be left readily accessible in open cans on the premises and that the infant, while present with her mother, picked up some of the powder, placed it in her mouth and nose; and that in consequence thereof she developed bronchial pneumonia and gastritis " causing her death ".

The second cause of action is directed against the defendant Long Island College Hospital. With respect to this defendant it is charged that subsequent to the occurrence of the above-described accident, the infant was taken for treatment to the defendant hospital; that upon arrival at the hospital the infant's mother requested of the hospital employees that the infant be admitted for care and treatment; that for more than three hours the mother and infant remained in the waiting room of the said hospital, " during all of which time the infant was violently sick, retching and vomiting and obviously in a very ill condition, all in the presence of hospital employees including doctors and nurses; that the employees of said hospital failed, refused and neglected to attend to and care for said infant; that after more than three hours of waiting as aforesaid, the mother and infant were compelled to proceed to the Holy Family Hospital, Brooklyn, New York, where the infant was pronounced dead upon arrival." Paragraph THIRTEENTH of the complaint charges that the death of the infant was due solely to the negligence of the defendant Loketch and the defendant hospital.

In its answer defendant Loketch, Inc., has interposed a " cross claim " against the defendant hospital. Paragraph ELEVENTH of such " cross claim " reads: " That in the event the plaintiff herein recovers a verdict against the defendant Loketch, Inc. **for the death of said infant Laura Borgia** * * *, such will

have been brought about and caused by the negligence of the defendant Long Island College Hospital, its agents, servants and/or employees, and not by reason of any carelessness, negligence or lack of care whatsoever on the part of the defendant Loketch, Inc." The defendant Loketch in such "cross claim" demands judgment that the ultimate rights of the two defendants as between themselves be determined in this action and that the defendant Loketch have judgment over against the codefendant for any sum or sums which may be recovered herein by the plaintiff.

The defendant hospital moves herein pursuant to rule 106 of the Rules of Civil Practice to dismiss the "cross claim".

In opposition to the motion defendant Loketch seeks to sustain the propriety of the "cross claim" upon the assumption that the allegations of the main complaint disclose that the infant's death was occasioned "directly and actively by the hospital's negligence and that its own liability is merely of a secondary or passive character." Upon such basis it seeks to invoke the doctrine of implied indemnification whereby it will be permitted to recover over against the hospital in the event of a verdict favorable to plaintiff.

There is no basis, however, from which to infer that the liability of the defendant Loketch, if any, is of a vicarious character. This is manifest from the fact that plaintiff's claim is predicated upon a charge of active negligence against each defendant. Ordinarily, such showing is sufficient to preclude a recovery by one defendant over as against another. Illustrative of the rule are cases such as *Middleton* v. *City of New York* (276 App. Div. 780, affd. 300 N. Y. 732). Under the allegations of the complaint each defendant is charged with having been actively responsible for causing the infant's death. Of course, if upon trial it be established that either defendant was solely at fault, such finding would seem *ipso facto* to exculpate the other defendant from blame (*Wolf* v. *LaRosa & Sons,* 298 N. Y. 597); or if it be found that the defendants are *in pari delicto* a third-party action would not properly lie.

Under the pleadings herein the situation is to be distinguished from that appearing recently in *Clark* v. *Halstead* (276 App. Div. 17 [3d Dept.]). In that case plaintiff had sustained a fractured leg as the result of an automobile accident caused by the negligence of one Wheeler. Thereafter, certain physicians were called upon to treat plaintiff's injury. Due to the alleged impropriety of their treatment, it was required that plaintiff's fractured leg be amputated. Plaintiff successfully brought suit

against Wheeler for the total damage which had been incurred by him (i.e., not only for the injury flowing initially from the automobile accident whereby plaintiff's leg was fractured, but also for the aggravated damage subsequently caused independently by the claimed malpractice of the physicians during the course of the treatment), plaintiff's right to recover for such total damage being in accord with the holding of the Court of Appeals in *Milks* v. *McIver* (264 N. Y. 267) and *Matter of Parchefsky* v. *Kroll Bros.* (267 N. Y. 410). After plaintiff's recovery of a verdict against the defendant Wheeler, the latter served a third-party complaint against the above-mentioned physicians. Pursuant thereto he sought to recover such aliquot sum of the total amount of plaintiff's verdict as would reimburse him for the amount thereof accruing and becoming payable as a result of the physicians' negligence. On a motion pursuant to rule 106 the third-party complaint was unsuccessfully challenged for legal insufficiency.

I find no case in this department which has adopted the precedent laid down by the *Clark* decision. In any event, however, in the case now pending before the court, neither in the complaint nor in the so-called " cross-claim " is it charged that an initial injury caused by the defendant Loketch was aggravated by the occurrence of a subsequent tort committed independently by the defendant hospital. The principle enunciated in the *Clark* case, therefore, does not seem applicable in the present state of the pleadings to the instant situation.

If it is the theory of defendant Loketch that any possible liability on its part to plaintiff was enlarged by a successive tort committed by the defendant hospital, it will be given an opportunity, within the purview of the *Clark* decision, to so plead.

The motion is granted with leave within ten days to serve an amended cross complaint.