George T. Vandermetjlen, J.
The plaintiff brings this action '’to' recover from the defendant bank for causing the wrongful death of the plaintiff’s intestate and also to recover damages for the decedent’s conscious pain and suffering. The substance of the allegations of the complaint is to the effect that the plainliff’s decedent, an employee of the Otis Eleva lor Company, was *584 working in the elevator shaft or pit in a building in the city of Olean, New York, owned by the defendant. Apparently this shaft or pit was a single opening wherein two elevators operated, separated only by ‘ ‘ certain rails ’ ’. On July 1, 1953, while the plaintiff’s intestate was allegedly acting under the direction and control of the defendant’s employee, he, the plaintiff’s intestate, was struck on the head by the descending counterweight attached to one of the ascending elevators being then operated by the defendant, which blow caused his injuries and resulting death. It is alleged in paragraph £ £ eleventh ’ ’ of the complaint ££ That the fault, negligence, carelessness and recklessness of the defendant consisted, among other things, in its failure to provide the plaintiff’s intestate with a reasonably safe place in which to work, and to warn him and reasonably safeguard him while at such work; to furnish the plaintiff’s intestate with the assistance of any person or persons who would be, from time to time, in charge of the operation of the elevators in said shafts and in charge of the custody and control of said elevators, said shafts and said portions of said building to be used by said plaintiff’s intestate, including the basement and the pits at the bottom of said elevator shafts; to require that the elevators be stopped in the shaft or pit wherein occurred the injury which resulted in the death of the plaintiff’s intestate; to provide adequate light, and safe, secure and suitable implements to produce light, with which and by which to do the work required of him in and about said elevator shafts, including the pit, basement and parts thereof to provide safe, secure and suitable barriers, guards, and protections in and around the counterweights of said elevators in said elevator shafts and pits; to operate and, if need be, to refrain from operating the elevator, or elevators in said shafts in such a way that the counterweights would not injure and kill the plaintiff’s intestate while he was engaged in and about said elevator shafts, including the pits, basement and parts thereof, ■ in doing the work required of him.”
The defendant, after answering the complaint, served a third-party complaint upon the plaintiff’s employer, the Otis Elevator Company. This third-party complaint alleges in substance that the defendant bank had a contract with the elevator company , for the installation of new elevators in its building which con-/ tract, among other things, required the elevator company to install a temporary partition or screen between the two portions of the elevator shaft and also required the elevator company to discontinue its work in and about the elevators when the place became unsafe for its employees. It is alleged that the elevator *585 company breached the contractual duty to the bank in various respects, including its failure to construct the temporary partition and screens and its failure to take measures to protect its employees from the alleged dangerous or unsafe working conditions. The third-party complaint concludes that if the decedent’s death was caused by any negligence other than his own, it- was the active and primary negligence of the elevator company. A second cause of action is alleged in the third-party complaint, which cause of action states the existence of a contract between the defendant bank and the elevator company under which the latter agreed to examine, inspect, repair and adjust the elevators and the appurtenant machinery in the defendant’s building; that the elevator company was actively negligent in failing to perform such agreement and in failing to make any necessary repairs to the elevators and appurtenant machinery.
The elevator company, named as third-party defendant in the said third-party complaint, makes this motion to dismiss the third-party complaint, on the ground that it does not state facts sufficient to constitute a cause of action. In determining such a motion, the issue as to whether the defendant is liable to the plaintiff is not involved. The question is as follows: Assuming that the defendant is held liable to the plaintiff, does the defendant’s third-party complaint state facts sufficient to constitute a cause of action for indemnity from the elevator company! The theory of liability alleged in the third-party complaint is that of indemnity. Under this theory, the third-party complaint, in order to be sufficient, must allege facts indicating that the defendant might be held liable to the plaintiff for the defendant’s passive negligence or wrongdoing, and that the third party is the active wrongdoer in inflicting the plaintiff’s damage.
The case of Wischnie v. Dorsch (296 N. Y. 257) was an action involving the death of a plaintiff’s intestate in the fall of an elevator. The plaintiff sued the owner of the building for damages, on the theory that the defendant owner was under a duty imposed by the Labor Law to keep the elevator in safe condition. The defendant owner made a cross complaint against the Premier Linen Supply and Laundry Service, Inc., alleging that the latter was the lessee of the building in exclusive possession, and that the plaintiff’s injuries were sustained through Premier’s negligence. The Court of Appeals reversed an order dismissing this complaint holding that although the defendant might be liable to the plaintiff for violation of its statutory duty, it was only a passive wrongdoer and had a common-law *586 right to indemnity from the person in possession and control of the premises.
By comparison, the above-entitled case, the case of Schwarts v. Merola Bros. Constr. Corp. (290 N. Y. 145); Pugni v. Lanning & Harris (196 Misc. 335) and the instant case are somewhat similar insofar as active negligence is concerned. In fact these cases are not as strong as the instant case insofar as the claim of active negligence is concerned, and this case might well be decided on the authority of the three mentioned cases, if there was a clear allegation of active negligence and if it was clear that the negligence of the third-party defendant was wholly active.
It has been held that a passive wrongdoer or tort-feasor is also entitled to be indemnified from a third party who was actively negligent in the performance of a contractual duty. (See Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, affd. 298 N. Y. 686; Monteverdi v. French Realty Corp., 274 App. Div. 945; Braun v. Gardner, 191 Misc. 844.)
Thus, it has been conclusively established that a passive wrongdoer has a cause of action against the person chargeable with active negligence, either as to the duty imposed by law or an obligation under the terms of a contract.
If the original complaint in this action charges the defendant with active negligence, the defendant cannot implead the third-party defendant. They stand in the position of joint tortfeasors in pari delicto.
It has been held that if an original complaint alleges both active negligence and passive negligence, the third-party complaint would be sustained. (Schlemovitz v. City of New York, 81 N. Y. S. 2d 282, affd. 274 App. Div. 1064; Pugni v. Lanning & Harris, 196 Misc. 335, supra; Johnson v. Endicott Johnson Corp., 278 App. Div. 626; Marzella v. Carlson Hoist & Mach. Co., 280 App. Div. 955; Ellithorp v. Adams-Rice Constr. Corp., 281 App. Div. 917; Schellhorn v. New York State Elec, & Gas Corp., 283 App. Div. 678.)
For some period of time, the courts were not in complete agreement as to what constituted active negligence and what constituted passive negligence. Some courts used the test / of an act of commission or an act of omission. This distinction / has apparently been obliterated by the decision in Tipaldi v. Riverside Mem. Chapel (273 App. Div. 414, 419, supra), wherein the court said: 1 ‘ We see no reason why the right to indemnity in such case should not be the same whether the fault of/ the primary or principal wrongdoer is attributable to a neglj/gent *587 act of commission or proceeds from a negligent omission or failure of duty on his part resulting in injury to a third person.” (Affd. 298 N. Y. 686.) (See, also, McFall v. Compagnie Maritime Belge [Lloyd Royal] S. A., 304 N. Y. 314.)
Turning now to a consideration of the complaint in the instant action, I am of the opinion that whether or not the complaint charges the defendant with active negligence only, thus eliminating the Otis Elevator Co. as a party to the action, or whether the allegations spell out passive negligence only, or whether there is a claim under the pleadings of both active and passive negligence becomes a question for the jury under a proper charge from the court at the time of trial.
Submit order denying motion.