**Floyd R. RAYMAN, Plaintiff,**

v.

**William WYER, as Trustee for the Long Island Railroad Co., Defendant and Third-Party Plaintiff (CARLSON PAINTING COMPANY, Third-Party Defendant).**

United States District Court
S. D. New York.
July 20, 1955.

Paul C. Matthews, New York City, for plaintiff.

Lawless & Lynch, New York City, for third-party defendant Carlson Painting Co.

Barrett, Molloy, Geoghan & Swiggett, New York City, for defendant and third-party plaintiff William Wyer, as trustee for Long Island R. Co.

DIMOCK, District Judge.

Third-party defendant moves, pursuant to Rule 12(b), F.R.C.P., for an order dismissing the third-party complaint for failure to state a claim upon which relief can be granted.

Plaintiff's action against defendant (third-party plaintiff) is for damages for injuries alleged to have been sustained when plaintiff's hand came in contact with a high voltage wire strung on a pole which plaintiff was painting. The pole and wire are alleged to have been on defendant's right of way. The third-party complaint alleges: that third-party plaintiff and third-party defendant entered into an agreement whereby the latter was "to perform certain work and furnish all labor, equipment and material to paint all poles and catenary bridges on the Bayridge Division of the Long Island Railroad"; that on the day of plaintiff's alleged accident third-party defendant and its employees were working pursuant to the agreement; that at the time of the alleged accident plaintiff was working for and under the direction and supervision of third-party defendant; that third-party defendant and its employees had been instructed to climb no higher on the poles than to a point six feet below the high voltage wires; that any injuries alleged to have been sustained by plaintiff were due to the "primary negligence" of third-party defendant in that it failed to warn plaintiff about the height beyond which he should not climb and failed to properly supervise plaintiff. Third-party plaintiff further alleges that no negligence on his part contributed to plaintiff's injuries.

Third-party defendant says that the pleadings indicate that third-party plaintiff was actively negligent and that the law is well settled that one active tort feasor may not implead another, citing Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578, and Middleton v. City of New York, 300 N.Y. 732, 92 N.E.2d 312, affirming 276 App.Div. 780, 92 N.Y.S.2d 656. Third-party plaintiff does not contest the proposition that one active tort feasor may not implead another—indeed, the proposition cannot seriously be contested—but says that under the third-party complaint it may be proved that he was not an active tort feasor. If this is true the impleader is proper and the pleading may not be dismissed. See Valerio v. American President Lines, D. C.S.D.N.Y., 112 F.Supp. 202.

The third-party complaint alleges that third-party plaintiff was guilty of no negligence so that there is no admission in it that, as between it and third-party defendant, third-party plaintiff's negligence was active. We must therefore turn to the complaint to determine, if we can, whether any negligence of which the jury could find third-party plaintiff guilty under it would have to be, as between third-party plaintiff and

third-party defendant, active negligence. To state the question is to answer it. The railroad owed to invitees the duty of furnishing a safe place. Plaintiff's employer owed a like duty to its employees. Plaintiff's employer was in direct charge of the work and in direct control of plaintiff. Under the circumstances, depending upon the evidence of other facts, it might well be that "the factual disparity between the delinquency of [third-party plaintiff] and that of [third-party defendant] is so great here that the jury [might be] justified in concluding that [third-party plaintiff's] fault of omission was only passive negligence." McFall v. Compagnie Maritime Belge, 304 N.Y. 314, 330, 107 N.E.2d 463, 472.

"It is well settled that a third-party complaint should not be held insufficient before trial, where, as here, the complaint alleges facts upon the proof of some of which defendant might be primarily liable for active negligence and upon proof of others of which defendant might be held secondarily liable for passive negligence." Chideckel v. Dime Sav. Bank of Williamsburg, Sup., 103 N.Y.S. 2d 616, 620.

The motion is denied.