James S. Brown, J.
Motion to dismiss the third-party complaint for legal insufficiency. This is a negligence action instituted by Edward L. Korycka against S. A. Healy Company (hereinafter referred to as “Healy”), a general contractor, to recover damages for personal injuries sustained by him when an explosion occurred in a tunnel in which he was working while in the employ of Thomas Adair Contracting Co. (hereinafter referred to as “ Adair ”), a subcontractor.
The main complaint alleges that Healy entered into a contract with the City of New York as a general contractor for the construction of a section of an intersecting sewer system in the borough of Queens; that the construction work and the contract contemplated and provided for the use of explosives for blasting; that subsequent thereto Healy engaged Adair as a subcontractor to construct a portion of the work, which included a sewerage tunnel requiring excavation work which included blasting in connection with the construction of the tunnel; and that Adair was to do all the work and furnish the labor, tools, appliances and engineering services required for performing and completing the said work. It further alleges that in the course of said construction, Adair used certain explosives with the knowledge and consent of Healy, and that the latter was required to and undertook to supervise and control Adair’s use of the same. It also alleges that Healy was charged with a nondelegable duty to maintain, control, operate and supervise the work; that the plaintiff was injured when Adair allegedly caused an unexpected blast to be set off in the afore-mentioned tunnel shortly after a controlled blast was set off, and charges that Adair did not take proper precautions after the controlled *600 blast was set off before allowing its employees to resume work in the tunnel. The main complaint goes on to allege that the explosions and injuries to the plaintiff resulting therefrom, were also due to the negligence of Healy in that Healy permitted Adair to perform the said work in a negligent, careless and dangerous manner.
The third-party complaint by Healy against Adair alleges, in substance, that Healy was the general contractor on the construction job and that Healy hired Adair, a subcontractor, to construct the tunnel in which the plaintiff was injured; that Adair was actually engaged and in complete control and in charge of the construction of the tunnel. The third-party complaint refers to the original complaint and incorporates it in the third-party complaint, and further alleges that if the plaintiff sustained the injuries as alleged in his complaint they were caused solely through the acts, conduct and/or omissions of Adair which negligence, if any, was active and primary, and that if the plaintiff recovers judgment against Healy, such liability will have been brought and caused by reason of the negligent acts, conduct and/or omissions of Adair in conducting the blasting operations in the construction and excavation of the tunnel referred to without any negligence on the part of Healy in any wise contributing thereto.
On this motion it is the contention of Adair that Healy merely denies liability and alleges that the plaintiff was injured as the result of another’s negligence and that therefore the third-party complaint is insufficient to sustain a claim over. However, it seems to be clear that the basis of liability upon which Healy relies is predicated upon the active negligence of Adair. Although the original complaint charges Healy with active negligence, and as between the original plaintiff and Healy there may be liability on that ground, it is equally clear from the facts alleged in the original complaint, as well as from the third-party complaint that Healy claims to have been passively negligent, in which case it would be entitled to be indemnified by the active wrongdoer. The right of Healy to claim over finds support in such cases as McFall v. Compagnie Mar. Belge (304 N. Y. 314) which held in effect that where a plaintiff recovers against the person who was under a nondelegable duty to furnish a safe place to work to such plaintiff, and where the primary and affirmative wrong was occasioned by the defendant against whom indemnity is sought, indemnity is permitted. The rule enunciated in Walters v. Rao Elec. Equip. Co. (289 N. Y. 57) is not applicable here since no breach of section 241 of the Labor Law is involved.
*601 Under the pleadings it cannot be determined whether Healy and Adair are joint tort-feasors in pari delicto. Upon the evidence to be adduced at the trial the court will be in a position to decide whether Healy is entitled to indemnification by Adair as an active wrongdoer (see Schlemovitz v. City of New York, 81 N. Y. S. 2d 282, affd. 274 App. Div. 1064).
A similar question was presented in Robinson v. Binghampton Constr. Co. (277 App. Div. 468, 470-471) where the court said:
‘1 Whether a nondelegable duty may be charged against the party found to be the owner of the machine in question, and whether indemnification may arise as a matter of law, will depend upon the factual situation as finally presented. It would seem that the first issue involved is the matter of active control, and secondarily whether there is passive liability on the part of one defendant or the other as a result of ownership. This is said, not in limitation of any other issues, but merely as applied to the ground assigned for the dismissal of the third-party complaint. * * *
“ Section 193-a is to be liberally construed. It was intended to mitigate the strictness of the old practice which required the third-party plaintiff to show clear liability on the part of the third-party defendant (Twelfth Annual Eeport of N. Y. Judicial Council, 1946, p. 202). Hence the mere fact there is uncertainty as to liability on the part of the third-party defendants is not a sufficient reason to dismiss the third-party complaint. Under the pleadings as presented there may be liability over, we think, and the possibility is all that the statute requires. ’ ’
And in another similar situation the Appellate Division, Third Department, said: “ Since the complaint in the main action pleads a cause upon which recovery for passive negligence is possible, it is proper to join a third party who, for active negligence bringing about the injury, may be liable over to the original defendant. It is not enough to defeat such a right that active negligence is also claimed in the main action. If that is all that is ultimately established, the Trial Term will not permit a recovery over. But where it may also be found that passive negligence is within the scope of the main complaint it is the practice in this department to allow an action over to be pleaded against one charged with active negligence.” (Johnson v. Endicott Johnson Corp., 278 App. Div. 626.) (See, also, Pugni v. Lanning & Harris, 196 Misc. 335; Schwartz v. Merola Bros. Constr. Corp., 290 N. Y. 145.)
The motion is denied. Submit order,