Benjamin Brenner, J.
This is a motion by defendant Powell to dismiss the fourth separate defense contained in the answer of defendants Klevens Tank & Boiler Corporation, J. K. Welding Co. Inc. and Klevens Corp., hereinafter referred to as defendants Klevens, which is asserted as a counter claim against defendant Powell pursuant to section 264 of the Civil Practice Act.
Plaintiff’s amended complaint sets out three causes of action against defendants Klevens. The first cause, charging a breach of guarantee, alleges their agreement to erect an oil storage *784 tank for the plaintiff; that the agreement included their guarantee of the work for a period of one year; that following completion of construction the tank collapsed within the one-year guarantee period due to improper design, construction, workmanship , nd materials. The second cause is substantially the same, exceA t that it alleges a breach of guarantee of the tank itself against defective workmanship and materials, and that the collapse of the tank was caused by such defects. The third cause charges defendants Klevens with negligent performance and failure to use proper and adequate materials. The fourth cause is against defendant Powell alone and charges him with negligently directing the deposit of dirt on the roof of the tank after its completion and thus contributing to its collapse. The fifth cause charges defendant Smith with having participated in such negligent deposit of dirt and collapse of the tank.
The cross claim asserted by defendants Klevens is against defendants Powell and Smith. In essence it alleges the tank was properly constructed by defendants Klevens but that it collapsed by reason of the negligence of defendants Powell and Smith, or either of them.
To be legally sufficient under section 264 of the Civil Practice Act, the answer must allege facts which establish a right of indemnity against a codefendant (McCooey v. St. Francis Hosp., 111 N. Y. S. 2d 17; Bonn v. Kotler Co., 203 Misc. 407). The right of indemnity springs from the principle that one is responsible for the consequences of his own negligence, and if another has been compelled by judgment to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him. (Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 134 N. Y. 461, 468.) Thus, if the defendants are joint tort-feasors the right to cross-claim is not available (Mills v. City of New York, 189 Misc. 291), unless there is liability over by virtue of contract or status (Fox v. Western New York Motor Lines, 257 N. Y. 305, 307; Rhynders v. Greene, 255 App. Div. 401, 403; Miele v. City of New York, 270 App. Div. 122).
If defendants Klevens are liable under the third cause of action, it is clear that they would be joint tort-feasors in pari delicto, for the negligent acts with which they are charged are alleged to be active in character. They, however, contend that it is conceivable they may be held liable solely on the guarantees set out in either or both of the first two causes of action, quite independently of any imputation of negligence in the construction of the tank. They say that in such event they *785 would not be joint tort-feasors and a recovery against them based on contract would require indemnification from defendant Powell. This contention is without merit. The first two causes of action alleging breach of guarantee in effect also charge negligent construction as the cause for the collapse of the tank. To allege that an object collapsed because of improper design and workmanship is to charge that it collapsed because of lack of due care or because it was below the standard of design and workmanship needed to render it reasonably safe. This is an allegation of carelessness and negligence even though such words are not used. The natural meaning of a pleading, rather than its form or terminology, will determine its true nature. (Lewis v. Wilson & Co., 275 App. Div. 9.) In essence, therefore, negligence is the basis for the claim of breach of guarantee and for all practical purposes allegations of improper and negligent construction and of breach of guarantee to properly construct go hand in hand; they cannot be divorced. Hence a finding of liability under either of the first two causes of action against defendants Elevens implicitly involves a finding of active negligence on their part, barring indemnification from defendant Powell.
On the other hand, if the collapse of the tank, as alleged in the cross claim, was caused solely by the negligence of defendants Powell or Smith, or both, without any negligence on the part of defendants Elevens, then clearly there can be no liability on the part of the latter for either negligence or breach of guarantee. Obviously, the collapse of the tank must have been due to the negligence of either or both sets of defendants, viz.: defendants Elevens on one hand and Powell and Smith, or either of them, on the other. If Powell and Smith, or either of them, were wholly negligent, the cross claim is a useless pleading. If defendants Elevens were negligent in whole or in part, it is a legally insufficient pleading for the reasons already stated.
I must conclude that the cross claim, taken together with the allegations of the amended complaint, sets forth no facts from which a basis of a claim for indemnity in law or fact may be inferable (Shass v. Abgold Realty Corp., 277 App. Div. 346; Miller v. Green, 176 Misc. 303).
The motion is granted. Submit order.