Benjamin Breuwer, J.
This is a cross claim for indemnification in an action for wrongful death and conscious pain and suffering of an infant due to a collision at an intersection where a traffic light had failed to operate because of a burned-out bulb. The jury rendered a verdict of $20,750 against both the owner of the colliding vehicle and the City of New York. The latter, relying on both contract and common-law indemnification, claims that its liability is of a passive nature, and that the active fault lies with Welsbach, the contractor, which undertook but failed to replace the bulb.
The rather limited scope of bulb replacement facilities provided in the contract apparently obliged the city also to maintain trucks and bulbs for replacement purposes. On the day previous to the collision the city’s officer arrived in such a truck equipped with bulbs, in response to a direct notification that the traffic light was out. He made an inspection but failed to make the replacement because a ladder was not available. Thereupon he ’phoned Welsbach to replace the bulb but' it is clear from the evidence that the locale of the traffic light was either wrongly given or misunderstood. Welsbach made no particular effort to trace the trouble. Following the accident the same employee of the city, using the very same equipment he had with him the day before, managed to replace the bulb without a ladder. The contract between the parties upon which the cross claim is based provides for periodic inspection by Welsbach and for indemnification in the event of the latter’s negligence.
I agree that Welsbach, even if misinformed, should have taken steps to trace the locale of the trouble and that its failure to do so constituted negligence, regardless of the truth of its contention that it had made an earlier general inspection pursuant to contract. But the City of New York was at least equally culpable because the employee who ultimately replaced the bulb could have replaced it with the same equipment at his disposal when he appeared on the scene prior to the accident. This was not a failure of action which may properly be termed *303 mere passive negligence but a failure of positive and immediate action which the circumstances demanded to ward off an unmistakable and foreseeable danger (Falk v. Crystal Hall, 200 Misc. 979, affd. 279 App. Div. 1071). The failure to make a prompt replacement of the burned-out bulb was the all important factor which set the stage for the ensuing tragedy.
The City of New York, having been thus plainly derelict, must fail upon its cross claim since, it relies upon a contract which does not unequivocally provide for indemnification against its own negligence (Inman v. Binghamton Housing Auth., 3 N Y2d 137; Dick v. Sunbright Steam Laundry Corp., 307 N. Y. 422; Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36). The contract is of no aid to the city as a contractual shield for escaping its primary duty to safeguard motorists against dangers ensuing from a known, nonfunctioning traffic signal — a mechanism established by it and over which it continued to exercise control and maintenance. One who acquiesces in the continuation of a dangerous condition after actual, as distinguished from constructive, notice thereof, is in pari delicto with a primary wrongdoer (Salamy v. New York Cent. System, 1 A D 2d 27). It follows a fortiori that as to the city, here primarily at fault, this principle applies all the more and with even greater force.
Nor has the city met its burden of proof that the contractor breached its contract for periodic inspection, as was the case in McMahon v. McGowan (2 A D 2d 958) which involved a similar contract. Notwithstanding similar contracts, indemnification depends upon the circumstances and the precise facts of each case (Salamy v. New York Cent. System, supra; Harrington v. 615 West Corp., 1 A D 2d 435). The City of New York, being in pari delicto, is accordingly not entitled to indemnification (Middleton v. City of New York, 276 App. Div. 780, affd. 300 N. Y. 732; McFall v. Compagnie Maritime Belge, 304 N. Y. 314).
Judgment upon the claim over for the defendant Welsbach Corporation.