Walter B. Hart, J.
Motion by defendants Elevens Tank & Boiler Corporation, J. E. Welding Co. Inc., and Elevens Corp., hereinafter collectively referred to as the Elevens defendants, for an order dismissing the cross claim against said defendants which is set out in codefendant Powell’s answer, on the ground that said cross claim is legally insufficient and not within the purview of section 264 of the Civil Practice Act; or, in the alternative, for leave to assert, by way of an amended answer, a claim over against defendants Powell and/or Smith.
The instant action is one to recover damages for the collapse of a fuel storage tank allegedly constructed for plaintiff by the Elevens defendants. The amended complaint contains five causes of action; the first three are against Elevens defendants, and the fourth and fifth causes of action are against the defendant Powell and defendant Smith, respectively. Although the first two causes of action, respectively, against Elevens defendants, are asserted as one for breach of warranty of the tank itself (first cause of action), and a breach of a warranty of workmanship (second cause of action), they are nevertheless *1030 grounded upon allegations of active negligence on the part of Klevens defendants in the design and construction of the tank and in the workmanship and materials employed. The fourth cause of action charges that defendant Powell negligently deposited and negligently directed and controlled the deposit of dirt on the roof of the tank after its completion and thus contributed to its collapse. The fifth cause of action charges defendant Smith with having participated in the negligent deposit of dirt upon the roof of the tank.
Liability of Klevens defendants under any of the three causes of action set out against them in the plaintiff’s amended complaint would of necessity involve a finding of active negligence on the part of the said defendants. (Great Eastern Fuel Co. v. Powell, 6 Misc 2d 783, in which Mr. Justice Breítneb, handed down a decision dismissing in the instant action the cross claim of Klevens defendant against defendant Powell.)
It is well established that in a tort case a defendant may recover against a codefendant who is guilty of active wrongdoing, only where there is an agreement .of indemnification between them or where the defendant is himself guilty only of passive negligence. Stated in other words, a recovery over may not be had as between joint tort-feasors in pari delicto (Middleton v. City of New York, 276 App. Div. 780, affd. 300 N. Y. 732). No indemnification agreement is alleged in the instant case. Therefore, unless it appears upon the trial the defendant Powell may be found guilty of passive negligence only, resulting in a recovery by the plaintiff against him, he may not maintain a claim over against Klevens defendants.
The cause of action set out against defendant Powell in the amended complaint charges, in paragraph 32 of said amended complaint, that the collapse of the tank “ was contributed to by the negligence and carelessness of defendant Powell : in the manner, amount and place in which the dirt was deposited on the roof and directed to be deposited thereon by said defendants; in directing the deposit of dirt on the roof improperly and so as to cause and create a hazard and danger of collapse of the roof; and in failing to exercise due care and caution under the circumstances. ’ ’
The cross claim asserted against Klevens defendants by defendant Powell in his answer alleges in paragraph ‘ ‘ Twenty-fourth ” of said answer, that if the plaintiff recovers judgment against defendant Powell, the latter may have a claim over against Klevens defendants 1 ‘ by reason of the act of negligence of these defendants in providing an unsafe structure upon which to supply the dirt fill as hereinbefore set forth.”
*1031 It appears from the foregoing that not only does the amended complaint charge defendant Powell with active negligence contributing to the collapse of the tank, but that even the cross claim of defendant Powell rests upon the assumption that any recovery had against said defendant will be based upon the affirmative action of placing the dirt fill upon the tank. In the absence of an agreement there is no right of indemnification in favor of one contributing to the plaintiff’s damage by his own active negligence (Edwards v. Sophkirsh Holding Corp., 280 App. Div. 168; see Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, affd. 298 N. Y. 686) and since the allegations of the amended complaint cast the defendant Powell in the role of active tort-feasor only, said defendant may not compel indemnification from Elevens defendants (Dick v. Sunbright Steam Laundry Corp., 307 N. Y. 422; Middleton v. City of New York, supra; see Inman v. Binghamton Housing Auth., 3 N Y 2d 137, 146, 147).
Defendant Powell contends that if liability is established by plaintiff against him on the grounds alleged in the complaint, such a result could be predicated upon a finding of passive negligence on his part. I cannot concur in this view. As has been heretofore indicated, the amended complaint charges active negligence only, on the part of defendant Powell. There are no allegations of fact therein which would establish or tend to establish that the negligence with which defendant Powell is charged was anything other than active in character.
Consequently, any recovery against defendant Powell would necessarily involve a finding of active negligence on his part, which would bar him from a right of indemnification.
In support of his position that a recovery may result against him on the ground of passive negligence only, defendant Powell argues that, since the allegations of the amended complaint charging that he directed and controlled the depositing of dirt upon the roof of the tank may connote a relationship of master and servant between Powell and defendant Smith, the possibility exists that a recovery against him may be based upon a liability derived from such relationship and arising out of the negligence of the alleged employee, defendant Smith. Such contention is untenable. The argument that a person is not guilty of active wrongdoing merely because he has not himself participated in the actual performance of the act charged to be negligent, constitutes specious reasoning. Obviously, if defendant Powell who was concededly authorized to perform the task of depositing the dirt upon the tank, directed and controlled the work in such a manner that it was negligently performed, such direction *1032 and control would constitute affirmative and active wrongdoing. (See Savelli v. 320 West Ninetieth St. Corp., 142 N. Y. S. 2d 207.)
For the foregoing reasons, therefore, the contention that there is a possibility that defendant Powell may be held liable without a finding of active negligence on his part is without basis. He is liable because of active negligence or he is not liable at all.
Neither the amended complaint in the action nor the statement of defendant Powell’s cross claim pleads facts which would be sufficient to establish a right to indemnification.
The motion to dismiss defendant Powell’s cross claim is accordingly granted. Submit order.