■ SONDRA SANDS et al., Plaintiffs, v. MADELINE V. KLEIN, as Executrix of SAMUEL M. KLEIN, Deceased, Doing Business as KEW GARDENS GENERAL HOSPITAL, Appellant, and SANFORD KAMINESTER, Respondent.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal, as limited by appellant's brief, is from an order granting respondent's motion to dismiss appellant's cross complaint on the ground that it does not state facts sufficient to constitute a cross complaint (Rules Civ. Prac., rule 106, subd. 4). Order affirmed, with $10 costs and disbursements. In our opinion, the allegations of active negligence charged against appellant and respondent justify the conclusion that they are joint tort-feasors *in pari delicto* and, therefore, the cross complaint is insufficient. (*Fox* v. *Western New York Motor Lines*, 257 N. Y. 305; *Middleton* v. *City of New York*, 276 App. Div. 780, affd. 300 N. Y. 732.) Wenzel, Acting P. J., Beldock, Murphy and Ughetta, JJ., concur; Kleinfeld, J., dissents and votes to reverse the order and to deny the motion.

■ LEON K. SHANACK, Appellant, v. LONG ISLAND DAILY PRESS PUBLISHING COMPANY, INC., Respondent.— In an action to recover damages for libel, the appeal is from an order denying appellant's motion (1) to open his default "in permitting" the action "to be struck from the trial calendar" because of his failure to file a statement of readiness on or before October 1, 1957 (Rules App. Div. [2d Dept.], special rule, eff. Jan. 15, 1957) and his failure to procure the restoration of the action to the calendar within one year after the action was thus struck from the calendar, by reason of which the action was deemed abandoned and the complaint dismissed (Rules Civ. Prac., rule 302), and (2) to extend the time within which to file such statement of readiness. Order reversed, without costs, and motion granted; appellant shall, within 10 days after the entry of the order hereon, file a statement of readiness with a certified copy of said order, whereupon the action is to be restored to the Trial Calendar. Appellant's motion was made about two months after the dismissal of the complaint. The excuse given by him for his failure timely to file a statement of readiness and for his failure to move to procure restoration of the action to the calendar within a year after the action was struck from the calendar was that he was unaware of the requirement of the above-mentioned special rule. Respondent has not shown that its position has been prejudiced. Under the circumstances disclosed in the record, it is our opinion that the Special Term should have exercised its discretion in favor of granting the motion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ NETTIE STEIN et al., Appellants, v. HYMAN LEVINE et al., Respondents. — In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from an order denying appellants' motion for reconsideration on additional papers of their motion for a preference pursuant to rule 9 of the Kings County Supreme Court Trial Term Rules. Order affirmed, without costs. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ BERNARD WEISINGER, Appellant, v. JOSEPH RAE et al., Individually and as Copartners Doing Business under the Name of WEINROSE ASSOCIATES, et al., Respondents.— In an action to adjudge the existence of a joint venture, and for other relief, the appeal is from so much of an order as denied appellant's motion for priority of his examination of respondents before trial and as granted respondents' cross motion for priority of examination. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.