Marie **PRINCIPE** and **Americo Principe**,
Plaintiffs,

v.

The **UNITED STATES** and **Thomas Marron**, Defendants.

No. 61–C–260.

United States District Court
E. D. New York.

June 7, 1962.

---

Sable & Kuflik, New York City, for plaintiffs.

Joseph P. Hoey, U. S. Atty., Eastern District of New York for defendant United States, Peter H. Ruvolo, Asst. U. S. Atty., of counsel.

Raymond J. MacDonnell, New York City, for defendant Thomas Marron, James S. Caporusso, New York City, of counsel.

BARTELS, District Judge.

Motion by defendant United States of America (herein "the Government"), pursuant to Rules 15(a) and 13(g), Fed. Rules Civ.Proc., 28 U.S.C.A., for leave to file an amended answer asserting an additional defense and two cross-claims over against defendant Marron. The motion is not opposed by plaintiffs, but is opposed by defendant Marron.

The complaint alleges that as a result of the negligence of the two defendants their respective vehicles collided and consequently one of the two vehicles struck the automobile containing the plaintiffs. The Government alleges that through oversight it failed to allege in its answer an additional defense, namely, that its conduct was not the proximate cause of the accident; a cross-claim against defendant Marron for indemnification on the ground that the Government, if negligent, was merely passive while defendant Marron was actively negligent; and a cross-claim against defendant Marron for property damage to the Government's vehicle.

Since plaintiffs do not oppose the Government's motion to plead the additional defense, that amendment will be allowed.

The cross-claim for indemnification, however, is opposed by defendant Marron, who argues that the leave sought must be denied because the right to such indemnification is a matter of New York substantive law which must be applied by this Court and that under such law no cross-claims between defendants will be permitted where the complaint alleges, as in this case, that both defendants were guilty of active wrongdoing, citing Great Eastern Fuel Co. v. Powell, 1958, 6 Misc. 2d 783, 161 N.Y.S.2d 639.

■■■ The right to indemnification is one of New York State substantive law, upon which this Court must rely. However, it does not follow, as contended by defendant Marron, that in determining the existence of that right this Court must be governed solely by the allegations of the complaint because such allegations are a matter of procedure which in this case is governed solely by the Federal Rules of Civil Procedure. It is unnecessary to decide whether in the State court the mere phrasing of a complaint is determinative of the right to file a cross-claim, because such a rule cannot be applied in the Federal court where

leave to amend must be "freely given when justice so requires" (Rule 15). Consequently, in this Court the characterization set forth in the complaint will not be determinative but will be examined only to determine the nature of the alleged claim and its potential fact pattern.

■ Under New York case law, a cross-claim must be dismissed if it shows on its face that the defendant and the third party were joint tortfeasors *in pari delicto*. Middletown v. City of New York, 1950, 300 N.Y. 732, at 734, 92 N.E. 2d 312. Here it must be determined whether the facts which may be established under the pleadings, as distinguished from the characterizations of the complaint, may afford an opportunity for a cross-claim. If it is proved at the trial that the Government was in no way at fault in the accident, there could be no judgment against it, and no right to indemnification. If, on the other hand, the proof establishes that the Government was solely at fault, then there can be no basis for a claim over by the Government against defendant Marron. The only basis upon which a claim for indemnification could arise is a finding that both defendants were negligent, that their negligence was the proximate cause of plaintiffs' injuries, and that the negligence of one differed in kind from the negligence of the other. It is the theory of the Government that if it is at fault at all, its fault is of an entirely different kind from that of the defendant Marron and that, at most, it was only passively negligent while the defendant Marron was actively negligent.

■■ Under the law of the State of New York, a party who is "passively negligent" may secure indemnification from a party who is "actively negligent". The rule, however, is applied by the courts of New York only where one party is constructively or vicariously liable for the acts of the actual tortfeasor[1]; where a

---

1. As in the case where an employer is liable for his servant's tort, but has a claim over against his servant. Fedden v. Brooklyn Eastern District Terminal, 2 Dept., 1923, 204 App.Div. 741, 199 N.Y.S. 9.

municipality is liable for a defective sidewalk but may claim over against the abutting landowner who has a duty to repair the condition[2]; and where the act of one tortfeasor is not his active participation in the wrong, but rather in his failure to discover and remedy the result of the act of another.[3] Absent these elements, a cross-claim will not lie. Iroquois Gas Corp. v. International Ry. Co., 4 Dept., 1934, 240 App.Div. 432, 270 N.Y.S. 197. Unless some particular duty is owed by the passive party to the injured party which results in liability, despite the fact that the actual act causing the injury was performed by another, the doctrine of active-passive negligence does not come into play. From the very nature of this complaint and the potential facts which may be established thereunder, it becomes obvious that the doctrine of active and passive negligence cannot be invoked. This is not the type of case which will permit a claim for indemnification based upon passive negligence.

> "When this area is closely examined it will be seen that highway accident cases involving parties more or less negligent. in the control of vehicles do not come within it. A party held liable for such negligence is not allowed to recover over against another party who may have been, perhaps, greatly more responsible for the injury." Anderson v. Liberty Fast Freight Co., 3 Dept., 1954, 285 App.Div. 44, 135 N.Y.S.2d 559, at 561.

The conclusion follows that there can be no basis in this action for a claim for indemnification by the Government against defendant Marron, and leave to file a cross-claim for indemnification must be denied.

The cross-claim for property damage, however, presents a different problem. Since it is possible that the accident described in the complaint may have been caused solely by the defendant Marron, the Government might have a valid claim for the property damage to its vehicle and therefore it will be granted leave to file a cross-claim for such damage.

Settle order within ten (10) days on two (2) days' notice.

2. City of Rochester v. Campbell, 1890, 123 N.Y. 405, 25 N.E. 937, 10 L.R.A. 393.

3. Carroll v. City of Dunkirk, 1922, 234 N. Y. 579, 138 N.E. 454.