CHESTER SARNA, Plaintiff, *v.* BERT DAVIS, Defendant and Third-Party Plaintiff-Appellant. CHARLES JACKSON, Third-Party Defendant-Respondent.

Fourth Department, November 19, 1952.

*Warren B. Murphy* for defendant and third-party plaintiff-appellant.

*J. Sheridan Hillick* for third-party defendant-respondent.

*Per Curiam.* The complaint in this action alleges that the plaintiff was operating his automobile in a southerly direction along Route 57 from the city of Fulton and that the defendant was operating his automobile in a westerly direction on a highway which intersected Route 57 and " caused his automobile to enter Route 57 without slowing or stopping and which caused a certain automobile which was owned and/or operated by " [the third-party defendant] " proceeding northerly, to swerve across the highway and run into and collide with plaintiff's automobile ". It further alleged that defendant was operating his motor vehicle at a high rate of speed, without keeping a proper lookout and without slowing the vehicle upon approaching or bringing it to a stop before entering Route 57.

The third-party complaint alleges that the plaintiff was operating his car southerly on Route 57 when it was struck by an automobile owned and operated by the third-party defendant; that the plaintiff brought this action against the third-party plaintiff and that the collision between plaintiff's and third-party defendant's cars was caused solely by the negligence of the third-party defendant and asks for recovery over of any sum which may be recovered by the plaintiff against him, the defendant and third-party plaintiff.

It is clear that if the defendant's contention of how the accident happened as alleged in the third-party complaint is believed

by the jury the plaintiff cannot recover against him. If the jury believes that both the defendant and third-party defendant were in some degree negligent then the defendant (third-party plaintiff) and third-party defendant are joint tort-feasors in which event the third-party action must be dismissed. (*Fox* v. *Western N. Y. Motor Lines,* 257 N. Y. 305; *Middleton* v. *City of New York,* 276 App. Div. 780, affd. 300 N. Y. 732; *Sannit* v. *Buffalo Wire Works,* 278 App. Div. 632, affd. 302 N. Y. 820; *Wenleder* v. *Marine Trust Co.,* 277 App. Div. 941; *Sadowski* v. *Colorado Fuel & Iron Corp.,* 277 App. Div. 943; *Desimone* v. *Burgess Co.,* 278 App. Div. 751; *Bornhorst* v. *Lyon,* 279 App. Div. 820.)

The order should be affirmed, with $10 costs and disbursements.

All concur. Present: TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order affirmed, with $10 costs and disbursements.