IRVING RODIN, Respondent, v. MYRON J. SMITH, Appellant.— Motion for reargument or resettlement of the order. Motion denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See ante, p. 790.]

■

VIRGINIA G. ELLITHORP, as Administratrix of the Estate of FRANK ELLITHORP, Deceased, Plaintiff, v. ADAMS-RICE CONSTRUCTION CORPORATION, Appellant, et al., Defendants. ADAMS-RICE CONSTRUCTION CORPORATION, Defendant and Third-Party Plaintiff-Appellant, v. EUGENE GRATTON, Third-Party Defendant-Respondent.— Appeal from an order of Supreme Court, Montgomery County, dismissing a third-party complaint. Defendant board of education entered into a contract with Adams-Rice Construction Corporation for the erection of a school building at Gloversville, New York. The latter corporation sublet the painting work to respondent Gratton. Plaintiff's intestate, an employee of Gratton, is said to have fallen from a scaffold, death resulting from the injuries then received. Plaintiff has sued the board of education and appellant corporation. The broad allegations of negligence in the original complaint are so stated that it might be found that appellant's active negligence caused the injury in question or, on the other hand, that the injury was due to its passive negligence. Appellant corporation has served on respondent Gratton a third-party complaint, alleging in part that all the labor, scaffolding and other equipment for the painting work were furnished or owned by Gratton, that all the work done on the day of the accident was performed without any knowledge, consent or supervision on the part of appellant, in violation of the contract between them, and that, if the accident was not caused by the negligence of plaintiff's intestate, it came about by the primary and active negligence of respondent. Appellant, as third-party plaintiff, seeks to recover over from Gratton any recovery found against it in the main action. Respondent asserts that the gravamen of the complaints concerns Labor Law violations of such nature as to charge appellant with active negligence. As this is a "paint" and "scaffold" case, if any section of that law applies, it is section 240. Gratton was a subcontractor and the direct employer of the decedent. Adams-Rice Construction Corporation was not "a person employing or directing another to perform labor of any kind in the * * * painting" (Sweeney v. Spring Products Corp., 257 App. Div. 104, affd 282 N. Y. 685). The proof may establish liability of the general contractor by reason of some active intervention on its part, or may establish its liability on some common-law theory of passive negligence. "The mere fact that both parties may be guilty of negligence in law as to the person injured does not necessarily mean that the owner and general contractor are participes criminis or in pari delicto as to each other." (Tipaldi v. Riverside Memorial Chapel, 273 App. Div. 414, 418, affd. 298 N. Y. 686.) As between themselves the one who was merely a passive wrongdoer may invoke section 193-a of the Civil Practice Act, to obtain recovery over from the one whose negligence was the active and primary cause of the injury. (Wischnie v. Dorsch, 296 N. Y. 257.) Order reversed, on the law and facts, with $10 costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.