Benjamin Brenner, J.
This is a motion by the defendant National Transportation Company, hereinafter called “ National,” to dismiss the cross complaint of the codefendant, New England Transportation Company, Inc., hereinafter called “New England,” for legal insufficiency. The action is to recover damages for personal injuries. The complaint alleges that plaintiffs were passengers in a taxicab owned and operated *592 by National; that the taxicab owned by National and the vehicle owned by New England collided with each other by reason of the negligence of the defendants. National’s contention that plaintiff has pleaded active negligence solely as to New England, presumably because of the language used in paragraph Eighteenth of the complaint, is negated by both paragraphs Tenth and Nineteenth thereof which disprove the conténtion that the acts of negligence complained of were passive as to the moving party. No judgment over may be awarded where the negligent act of the party seeking the indemnity concurred in the wrong (Middleton v. City of New York, 276 App. Div. 780; Mongiovi v. Olna Realty Corp., 170 Misc. 403), unless there is a right to indemnification, either expressed or implied. (Tangney v. Skapof, 81 N. Y. S. 2d 831.) Where, however, one of the two defendants is a passive wrongdoer, the other, who is guilty of active negligence, is liable to him for indemnification. (New York Cons. R. R. Co. v. Massachusetts Bonding & Ins. Co., 193 App. Div. 438, affd. 233 N. Y. 547.) The right of indemnification is based upon the proposition that one is responsible for his own negligence and if another is compelled to pay damages for his wrongs they may be recovered from him. (Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 134 N. Y. 461.) Here the complaint alleges that both defendants were negligent in operating their respective vehicles, which acts concurred in producing the accident. It is thus alleged that they were joint tort-feasors in pari delicto and the complaint clearly charges both defendants with active and primary responsibility. There is no basis in fact or in law for indemnity. None is claimed by reason of contract and none is presented under common-law principles. Judgment against New England can only be based upon its own tort and not for any wrong of National. The motion is accordingly granted.
Settle order on notice.