Arnold McDONALD, Libelant,

v.

**DINGWALL SHIPPING COMPANY, Ltd., Respondent.**

No. 1948.

United States District Court
S. D. Texas, Galveston Division.

May 27, 1954.

Mandell & Wright, O. J. Weber, Jr., Houston, Tex., for libelant.

Lockhart, Watson & Peterson, E. W. Watson, Galveston, Tex., for respondent.

CONNALLY, District Judge.

The Libelant Arnold McDonald is a longshoreman who brings this proceeding in admiralty to recover for an injury to his leg and knee, which resulted from a fall which he sustained while ascending the gangway of the Respondent's vessel S. S. Dingwall, while she was moored alongside Pier 26 at Galveston, Texas. The accident occurred at about 1:00 o'clock A.M. on the morning of either December 8 or December 9, 1952, at which time Libelant was returning aboard the vessel after an interruption in work of about an hour for mealtime. The Libelant was caused to fall by slip-

ping upon a quantity of grease upon the gangway. While there is no direct evidence as to the manner in which it came to be there, it seems probable that the grease was scraped or wiped upon the gangway from the foot of someone making use of it. Libelant bases his cause of action upon a theory of negligence, alleging a number of grounds. He has placed principal emphasis upon his allegations of negligence in allegedly furnishing inadequate lighting facilities, and in failing to inspect or clean the gangway after the presence of the grease was known, or should have been known, to the Respondent. He likewise charges that the vessel was unseaworthy by reason of this allegedly defective or dangerous gangway.

*Negligence:*

The Libelant has failed to sustain the burden of proof to show that the Respondent was negligent in either of the particulars mentioned above. On the question of insufficiency of the lights, Libelant's testimony and that of some two or three of his co-employees was to the effect that it was difficult to see the floor of the gangway as one walked in an upright position; that less lighting was available than was the case on other vessels which the witnesses had loaded from time to time; and that the lighting was inadequate. To the contrary, it was shown that the vessel was tied up alongside the dock and that the dock was lighted in the customary fashion; that no difficulty was experienced in carrying on the work by reason of any insufficiency of the lighting; and that no complaint had been made before or after the accident as to inability of the workmen to see or to attend their duties. I am convinced, and find, that the Respondent was not negligent in this regard, and that the Libelant's fall was not proximately caused by any inadequacy in the lighting.

It is conceded by Libelant that to recover on the *negligence theory* by reason of the presence of the grease, it must be shown by a preponderance of the evidence that the condition had existed for a sufficient length of time to charge the Respondent with knowledge. Guerrini v. United States, 2 Cir., 167 F.2d 352; Miller v. The Sultana, 2 Cir., 176 F.2d 203. The testimony here, to which Libelant points as satisfying this requirement, is that of a co-employee of Libelant who examined the grease upon the gangway shortly after the accident. This witness testified that the quantity of grease appeared to have been stepped in or tracked up by a number of feet. In view of the testimony from Libelant that some three or four other longshoremen, in returning from their meal, had preceded him up the gangplank by a matter of a few moments; and the further testimony that all of the longshoremen had exited from the vessel at about midnight by means of this gangway, the evidence is insufficient to charge the Respondent with knowledge of the presence of the grease. If one were to speculate, it seems as likely that the grease may have come from the foot of one of the longshoremen who ascended the gangway only a few moments before the Libelant, or indeed from his own shoe, as that it had been there for any appreciable length of time.

*Unseaworthiness:*

On this issue, Libelant makes the point that the duty to furnish a seaworthy vessel now is owing by the owner not only to seamen but to longshoremen as well; and secondly, that the presence of grease on the gangway under the circumstances shown here to exist rendered the vessel—or rather the gangway—unseaworthy. Hence, he says he is entitled to his recovery without regard to the question of negligence, notice or fault.

The first point mentioned above is clearly correct. To the cases from The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760, to and including Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S. Ct. 872, 90 L.Ed. 1099, and Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143, which Libelant cites, might be added Alaska S. S. Co. v. Petterson, 347 U.S. 396, 74 S.Ct. 601, 98 L.

Ed. 798, wherein the Supreme Court, in an opinion handed down April 5, 1954, affirmed the holding of the Court of Appeals for the Ninth Circuit, 205 F.2d 478, further extending the doctrine.[1] But while the benefits of the doctrine may be availed of by longshoremen, the facts of the case do not bring the doctrine into play. The gangway furnished was entirely sound, strong and secure. It was in nowise inadequate or dangerous to serve the purpose for which it was designed until in some manner not shown by the evidence, and by some person which the evidence does not identify, a quantity of grease was deposited there. It was the grease, rather than any inherent condition of the gangway which precipitated the dangerous condition and which occasioned the Libelant's injury. The following cases deny liability by reason of such a condition which—for all the evidence shows here—was caused by a third person, or perhaps by the Libelant himself only a few moments before the injury. Shannon v. Union Barge Line, 3 Cir., 194 F.2d 584; Cookingham v. United States, 3 Cir., 184 F.2d 213; Boyce v. Seas Shipping Co., 2 Cir., 152 F.2d 658; Adamowski v. Gulf Oil Corp., D.C., 93 F.Supp. 115.

The cases upon which the Libelant places principal reliance, Pope & Talbot, Inc., v. Hawn, supra; Seas Shipping Co. v. Sieracki, supra; Mahnich v. Southern S. S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561, and others, show the relationships to which the unseaworthiness doctrine has been extended, but do not, in my opinion, apply the doctrine to a case where, as here, the vessel or the appliance in question is inherently sound and where the danger results from a foreign substance placed there by an undisclosed person an indeterminate time prior to the accident.

To permit full review in the event of appeal, I fix the Libelant's damages at $3,000.

Judgment will go in favor of the Respondent. Clerk will notify counsel.

---

1. And see De Veaux v. Ropner Shipping Co., Ltd., 5 Cir., 212 F.2d 177.