STEPHEN P. SULLIVAN, an Infant, by WILLIAM J. SULLIVAN, His Guardian ad Litem, et al., Plaintiffs, *v.* JOHN O'RYAN, an Infant, Defendant, and HOLMES O'RYAN, Defendant and Third-Party Plaintiff. JOSEPH O'BRIEN, an Infant, Third-Party Defendant.

Supreme Court, Special Term, Westchester County, July 20, 1954.

*John E. Asch* for Holmes O'Ryan, defendant and third-party plaintiff.

*Pittore & Leary* for third-party defendant.

*Robert J. Trainor* for plaintiffs.

BRENNAN, J. The original application herein which came on before this court on June 21, 1954, was one in which the third-party defendant moved to dismiss the third-party complaint for legal insufficiency. On the said return date, there was no opposition to the original application and the same was granted. The third-party plaintiff has now made application to be relieved of his default in not opposing the original application and for a determination thereof, on the merits.

The preliminary phase of the instant application of the third-party plaintiff to be relieved of his aforesaid default, is granted. Upon a consideration of the original application, on the merits, the same is granted and the third-party complaint is dismissed. An examination of the plaintiff's complaint discloses that despite the reference therein to section 1896 of the Penal Law, the same does not allege a cause of action against the defendant, Holmes O'Ryan, for a violation of said statute as there is no allegation to the effect that the said defendant offered, sold, loaned, leased or gave the air gun in question to his son, the codefendant. Under the allegations of the said complaint, the father is sought to be held liable on the premise that he knew that his son was using an air gun and that he consented thereto or permitted his son to do so. (*Kuchlik* v. *Feuer,* 239 App. Div. 338, affd. 264 N. Y. 542.) In this court's opinion, the aforesaid allegations, if established against the defendant father, would constitute active negligence, particularly since the father with knowledge of his son's use of the dangerous weapon, failed to intervene and restrain his son from such use. A fault of omission may constitute active negligence as well as one of commission. (*McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314, 330.) This being so, a defendant who, under the particular complaint, can only be held liable for active negligence, has no right of indemnity against and may not implead another joint active tort-feasor which the proposed third-party defendant herein would be, for having violated said section 1896 of the Penal Law. (*Bankers Ind. Ins. Co.* v. *Cruise,* 277 App. Div. 1118; *Sarna* v. *Davis,* 280 App. Div. 632.) Of course, if the father did not violate the above-mentioned statute and if he did not have the aforesaid alleged knowledge, those facts may be shown as a complete defense to the plaintiff's complaint. While the proposed third-party defendant herein may also be liable to the plaintiff for having given or loaned the air gun to the defendant's son, as alleged in said third-party complaint, said defendant cannot compel the plaintiff to join the third-party

defendant as a party defendant in the original action; that choice is one which the plaintiff alone may make. (*Fox* v. *Western New York Motor Lines,* 257 N. Y. 305.)

Settle order on notice.