Isadore Bookstein, J.
If the contention of the third-party plaintiff is correct, there can be no recovery against her in the primary action. Hence there is no justification for the third-party complaint. In such event, the complaint in the primary action would have to be dismissed. In other words, if the primary action is based upon a defective sidewalk, without any element of special use, there can be no recovery against the defendant therein, as the responsibility for the maintenance of the sidewalk is that of the third-party defendant and not that of the defendant and third-party plaintiff. (Cf. Clifford v. Dam, 81 N. Y. 52.) Hence, in that view, there is no justification for the third-party action. On the other hand, if the primary action is based upon a special use and a recovery is had against the defendant therein on that basis, then the defendant therein has no recourse against the third-party defendant. Indeed, if there were an action against the third-party defendant by the primary plaintiff, based on special use, and a recovery had against it based on negligence in the special use, the reverse would be true, in that the third-party defendant could recover over against the primary defendant. (Cf. Dick v. Sunbright Steam Laundry Corp., 307 N. Y. 422.) The case of Ohrt v. City of Buffalo (281 App. Div. 344) cited by the third-party plaintiff, is to my mind, in complete accord with the foregoing analysis.
If, perchance, defendant and third-party plaintiff and the third-party defendant are joint tort-feasors, the third-party action would not lie. (See Fox v. Western N. Y. Motor Lines, 257 N. Y. 305; Sullivan v. O’Ryan, 206 Misc. 212; Sarna v. Davis, 280 App. Div. 632.)
Motion to dismiss third-party complaint for insufficiency is granted, with costs.