Coleen Brady, an Infant, by Marion Brady, Her Guardian ad Litem, Plaintiff, *v.* Stanley Weiss & Sons, Inc., Respondent, and Genuine Auto Parts Corp. et al., Appellants.

Fourth Department, July 10, 1958.

242

*Nathan J. Siegel* for appellants.

*Morgan F. Bisselle* for respondent.

HALPERN, J. This is an appeal from an order dismissing a cross complaint by the defendants-appellants against the defendant-respondent.

The basic factual situation, as alleged in the complaint, was as follows:

The defendants Goldenson were the landlords and the defendant Genuine Auto Parts Corp. was the tenant of certain property in the city of Utica. The tenant contracted with the defendant Stanley Weiss & Sons, Inc., for the tarring of the roof of the building on the premises. In the course of this work, the roofing contractor placed a large kettle used for the production of hot tar, in the yard adjoining the building. At the end of their day's work, on September 26, 1956, at about 4:30 P.M., the employees of the roofing contractor left the premises and negligently "fail[ed] to turn off the cock of the hot tar kettle". As a result, hot tar flowed out of the kettle into the yard. Some time later the same day, the plaintiff, a child eight years of age, lawfully entered upon the premises and stepped into the hot tar and fell into it, suffering injuries to her right foot and leg.

The complaint charges that the owners and the tenant of the premises were negligent "in failing to take any precautions to avoid an accident or injuries to persons lawfully on the premises" and in failing to "advise them of any dangerous situation created by the hot tar kettle; in failing to erect or post any signs warning users of the yard of the hot tar kettle and the hot tar flowing therefrom", and "in failing to take any precaution to see to it that the employees of the defendant, Stanley Weiss & Sons, Inc., properly safeguarded the equipment stored on the premises".

There is no specific allegation of knowledge on the part of the defendant owners and the tenant of the dangerous condition created by the negligence of the defendant roofing contractor but it may reasonably be inferred that the plaintiff intended to charge that those defendants knew or should have known of the condition since there could be no charge of negligence against them unless they had had either actual or constructive notice of the condition.

In their answer, the defendant owners and tenant denied the material allegations of the complaint and interposed a cross complaint under section 264 of the Civil Practice Act against the defendant roofing contractor. They repeated the material allegations of the complaint and then alleged that, if they were held liable to the plaintiff, it would be for passive negligence in failing to warn of a dangerous condition created by the active negligence of the roofing contractor.

The Special Term dismissed the cross complaint as insufficient in law, with leave to amend. This, we believe, was error. "This case would seem to present a classic instance of a right of recovery over, against a primary wrongdoer whose misconduct had created a dangerous condition, by one who was held liable for failure to discover and remedy [here, warn of] the danger" (*Ruping* v. *Great Atlantic & Pacific Tea Co.,* 283 App. Div. 204, 206).

Under the allegations of the complaint, the plaintiff may succeed in obtaining a recovery against the defendants-appellants, the owners and tenant, or either of them, on the ground that they should have discovered the dangerous condition created by the roofing contractor, prior to the plaintiff's entry upon the premises, and should have warned her of it. If there is a recovery against the defendants-appellants on this basis, they will be entitled to a recovery over against the roofing contractor.

Of course, it is possible that, within the broad allegations of the complaint, the proof upon the trial may show, not only

constructive notice on the part of the defendants-appellants, but actual notice. If that turns out to be the fact, the defendants-appellants may be chargeable with acquiescence in the continuation of the condition or with active participation in the wrong and may then be found to be *in pari delicto* with the original wrongdoer. In that case, they may be barred from recovering indemnity (*O'Dowd* v. *American Sur. Co.*, 3 N Y 2d 347, 354; *Ruping* v. *Great Atlantic & Pacific Tea Co., supra*; *Stabile* v. *Vitullo*, 280 App. Div. 191; Restatement, Restitution, § 95).

The determination of this question must await the resolution of the factual issues upon the trial. The fact that the complaint may be construed as charging active as well as passive negligence does not warrant the dismissal of the cross complaint (*Goodrich* v. *First Nat. Bank*, 11 Misc. 2d 583, affd. 285 App. Div. 849; *Galka* v. *City of Albany*, 285 App. Div. 27; *Ellithorp* v. *Adams-Rice Constr. Corp.*, 281 App. Div. 917; *Schellhorn* v. *New York State Elec. & Gas Corp.*, 283 App. Div. 678). Not until the trial, can it be determined whether the plaintiff's recovery, if any, will be based on a finding of active or of passive negligence. A cross complaint is sufficient on its face, if the factual situation alleged is such that the answering defendant may be held liable to the plaintiff on a ground or theory which would entitle the defendant to be indemnified by a codefendant (*Ruping* v. *Great Atlantic & Pacific Tea Co., supra*; *McFall* v. *Compagnie Maritime Belge*, 304 N. Y. 314; *Tipaldi* v. *Riverside Mem. Chapel*, 273 App. Div. 414, affd. 298 N. Y. 686). " The right to indemnification may be predicated upon any version of the accident permitted by the pleadings " (*Weisman* v. *Hyams*, 5 A D 2d 1000, 1001).

The fact that the defendants, in their answer, deny any liability to the plaintiff does not bar a claim over for indemnity. If it did, there could hardly ever be a well-pleaded case of indemnity, since the defendants, for their own protection, will almost always deny all the allegations of negligence in the complaint. There is no rule of law which prevents a defendant from denying the allegations of the complaint and then pleading that, if he is nevertheless held liable to the plaintiff, it will be on a ground that entitles him to recovery over against another defendant. Such hypothetical pleading is the only way in which sections 264 and 193-a of the Civil Practice Act can properly be utilized.

The factual situation is sufficiently alleged in the cross complaint by reference to, and reiteration of, the allegations of the complaint. A cross complaint may be dismissed as

consisting solely of conclusory allegations, if the factual situation giving rise to the right of indemnity does not sufficiently appear from the complaint and cross complaint, but where the factual situation is fully set forth in the complaint, the cross complaint need only repeat it or refer to it.

Of course, if the complaint alleges a factual situation in which the defendant could not be held liable at all unless it was guilty of active or primary negligence, there can be no basis for a recovery over and a mere conclusory allegation in a cross complaint or third-party complaint that the defendant's negligence was passive or secondary adds nothing of legal significance to the case (e.g., *Coffey* v. *Flower City Carting & Excavating Co.,* 2 A D 2d 191, affd. 2 N Y 2d 898).

Of the various cases on tort indemnity in the books, the case which comes closest to the present one on its facts is the case of *Birchall* v. *Clemons Realty Co.* (241 App. Div. 286). That case involved, as the present one does, a cross complaint by an owner against an independent contractor for negligently creating a dangerous condition in the course of the performance of his work. The cross complaint was held good in that case and the cross complaint in this case should also be held good.

It is difficult, if not impossible, to reconcile all the statements which have been made by the courts on the subject of indemnity in tort cases, but certain plain principles emerge from an examination of the cases.

Indemnity is not recoverable by one defendant from another, if each of the defendants is charged with primary negligence in his own independent conduct, which merely concurred with the negligence of the other in causing the injury to the plaintiff. The simplest illustration of this is a collision of two automobiles, each of which is alleged to have been negligently operated. It is immaterial in such a case whether the conduct of one of the operators may be characterized as active and the other as passive — one may have been standing still when the collision occurred but if he was negligent in creating the dangerous situation, he may be held liable to the injured person and he cannot recover indemnity from the owner of the colliding vehicle (e.g., *Sarna* v. *Davis,* 280 App. Div. 632; *Anderson* v. *Liberty Fast Frgt. Co.,* 285 App. Div. 44). The case of *Bueno* v. *National Transp. Co.* (11 Misc 2d 591) upon which the Special Term principally relied, comes within this category. The important point of distinction between cases of that character and the case here involved is that the negligence charged against the defendants-appellants in this case is wholly secondary; it consists solely of their failure to discover and remedy,

or warn against, the dangerous condition created by the negligence of the other defendant. That is the essence of the basis of indemnity in tort (*Tipaldi* v. *Riverside Mem. Chapel*, 273 App. Div. 414, affd. 298 N. Y. 686, *supra*). It is wholly absent in a case like the *Bueno* case.

There is another class of cases in which it appeared that, under the factual situation alleged in the complaint, either one or the other of the defendants was liable for active negligence, but there was no possibility of their both being held liable, one for active and the other for passive negligence. In a case of that type, if the answering defendant did not do the act charged against him, he would not be held liable to the plaintiff; if he did it, he would be held liable but it would be on the ground of active or primary negligence and therefore he would not be entitled to recover over against any other party. The *Coffey* case (2 A D 2d 191, affd. 2 N Y 2d 898, *supra*) is a good illustration of this. The basic factual question there was whether the defendant Flower City or the United States Steel Corp. was in control of the vehicle, the negligent loading of which was alleged to have caused the injury to the plaintiff. If it was the Flower City, it would be liable to the plaintiff and, of course, it would have no right to recover over from anyone for its own active or primary negligence. If it was not the Flower City but the United States Steel, the latter alone would be liable to the plaintiff; the "Flower City would be subject to no duty to warn", with respect to the loading of a truck over which it had no control (2 A D 2d 191, 192). Hence there was no possibility of the Flower City being held liable on the theory of passive negligence for failure to warn and therefore it could not have any possible basis for a recovery over.

A recent decision by the Court of Appeals (*Harrington* v. *615 West Corp.*, 2 N Y 2d 476) dealt with a new problem or, perhaps, a new analysis of an old problem. In that case, it was found, after a trial, that the creation of the dangerous condition was not due to the negligence of anyone; it was found that in the course of his work, it was unavoidably necessary for the painting contractor to place a rope on the roof of the apartment house to support his scaffolding. The danger that tenants might trip over the rope on the way to the clothesline maintained for their use by the landlord, was a danger which both the landlord and the painting contractor should have recognized. Each of them was under an equal duty to warn the tenants of it; neither one's negligence could be said to be primary in comparison with the negligence of the other.

Therefore, when a tenant recovered against both the landlord and the painting contractor, the landlord was held not to be entitled to be indemnified by the contractor. However, the court pointed out (pp. 481–482) that if the contractor had been guilty of negligence in stringing the rope on the roof at all [or had been guilty of negligence in the manner of doing it], "the basis might have been laid for indemnification of the owner by the contractor on the theory of active and passive negligence. * * * The contracting firm which erected the rope, in that view, might have been considered to be the active wrongdoer, and the owner merely passive." That statement fits our case exactly.

The order appealed from should be reversed and the motion to dismiss the cross complaint should be denied.

All concur. Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.

Order reversed, with $10 costs and disbursements and motion denied, with $10 costs.