Jacob J. Schwartzwald, J.
This is a motion by the defendant to amend its answer by setting up an affirmative defense. The action is for injuries received by the plaintiff while using defendant’s gymnasium facilities. The motion is opposed on the ground that the amendment sought to be interposed as an affirmative defense is void as being against public policy, and reads as follows: u In consideration for the privilege of using the facilities of this association and participating in the activities thereof, I agree and covenant not to bring suit against this association or any of its servants, agents or employees for any cause whatsoever.”
Upon the oral argument of the motion the question of the sufficiency of the defense was raised and the opposition by the plaintiff in its affidavit sets forth: “ It is respectfully urged that the exculpation clause in this application is void and against public policy.”
The court is cognizant of the general rule that the question of the sufficiency of a defense should not be decided on a motion for leave to serve an amended answer. If that pleading be served, its sufficiency may be tested upon a motion directed to the pleading (Newman v. Goldberg, 250 App. Div. 431). How *792 ever, the court feels that this amendment by way of affirmative defense is so obviously insufficient that the general rule cannot be followed. It would be a futile gesture to permit the amendment, knowing full well that the same would have to be stricken out upon a motion addressed to the pleading.
As set forth above, the merits of the defense were argued by the attorneys. Assuming, then, that the plaintiff had made a cross motion to the motion of the defendant seeking leave to amend, asking that if the said amendment be granted the court upon the cross motion strike out the same, would not the court be compelled to grant the said cross motion ! Therefore, would it not be a futile gesture to, by way of fiddle-de-dum and fiddlede-dee, waste the time of the court to hear and decide a subsequent motion! The courts have held that an amendment should - not be permitted without first determining its merits (Dumbadze v. Agency of Can. Car & Foundry Co., 38 N. Y. S. 2d 991).
“ [Nevertheless where the denials are false and the counterclaim frivolous, and the amended pleading was obviously interposed not for the purpose of creating any real issue but with the manifest design of requiring plaintiff to make a new motion and of imposing upon the court the burden of a rehearing, such a pleading should be given no effect. ’5 (Gordon Corp. v. Cosman, 232 App. Div. 280, 283.)
‘1 In our opinion some competent showing that the proposed cause of action has merit should have been made. It was not demonstrated in the moving papers that such showing could not have been made either from institutional records or otherwise. In the absence of such evidence, the granting of leave to add the cause of action for alleged wrongful death was an improvident exercise of discretion.” (Bedarf v. Rosenbaum, 286 App. Div. 1103.)
As was well said: “ The amendment of a pleading will not be permitted when it is apparent that it will not benefit the applicant but will result in waste of time and expense.” (Stanford v. Cayuga Linen & Cotton Mills, 255 App. Div. 928.)
It is the opinion of the court that this affirmative defense is flagrantly insufficient on its face as a matter of law and therefore the ordinary rule of permitting an amendment and having the same tested in a motion addressed to the pleading will not be adhered to.
Motion denied. Settle order on notice.