Louis B. Heller, J.
In this malpractice action defendant Panvini moves for leave to amend his answer to include a cross complaint for indemnity, against codefendant Daly’s Astoria Sanatorium, Inc.
An analysis of the main complaint discloses that the recovery sought against defendant Panvini is, under the allegations of that complaint, based solely upon active tort feasance. Those allegations of the complaint, charging negligence, to which specific reference is made in the cross claim sought to be pleaded allege that the defendants in this action were negligent in failing to use reasonable care in administering the anesthesia which allegedly caused the injuries complained of; in failing to employ reasonable care in supervising the administration of the anesthesia; in failing to employ skilled and qualified employees for the purpose of assisting in the administration of the anesthetic; in employing, utilizing and providing unskilled and incompetent nurses, assistants and physicians and allowing them to take part in the administration of an anesthetic; and generally, lack of care in selecting a competent physician to administer the anesthesia.
In the opinion of this court, the foregoing allegations of the main complaint cannot reasonably be construed as including an *874 allegation of passive negligence on the part of the defendant movant, or of sneh facts as would impose upon said defendant liability by operation of law irrespective of actual negligence. If the defendant movant is to be held liable at all under the allegations of the complaint hereinabove referred to, such liability would necessarily be based upon a finding that said defendant did not use reasonable care in the performance of a duty consisting of affirmative conduct. Under these circumstances, there is no right of indemnity and the proposed cross claim cannot properly be asserted (see Bush Term. Bldgs. v. Luckenbach S. S. Co., 9 N Y 2d 426, 430; Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, 453, 455, 456; Sands v. Klein, 8 A D 2d 836, affd. 7 N Y 2d 896; Bueno v. National Transp. Co., 11 Misc 2d 591; Cohen v. Transportation Vehicles, 220 N. Y. S. 2d 159).
In view of the patent insufficiency of the proposed cross complaint, read in the light of the main complaint, the instant motion is denied (see Hennessey v. Young Men’s Christian Assn., 17 Misc 2d 791; cf. Duffy v. Duffy, 23 Misc 2d 268).