CHARLES A. GRANT, as Administrator of the Estate of CHARLES A. GRANATA, JR., Deceased, Respondent, v. ROCHESTER GAS AND ELECTRIC CORPORATION, Appellant and Third-Party Plaintiff; A. FRIEDERICH & SONS CO., Third-Party Defendant-Appellant.

Fourth Department, December 12, 1963.

*Joseph M. Soviero (Harris, Beach, Keating, Wilcox, Dale & Linowitz* of counsel), for third-party defendant-appellant.

*Nixon, Hargrave, Devans & Dey (Casper V. Baltensperger* of counsel), for third-party plaintiff and appellant.

*Albert Averbach* for respondent.

McCLUSKY, J. The defendant Rochester Gas and Electric Corporation (hereinafter called "R. G. & E.") appeals from the denial of its motions to dismiss the complaint at the close of the evidence and for a directed verdict. The action is for damages for the injury and death of a workman as the result of a fall from a scaffold during construction of a building owned by R. G. & E.

The evidence disclosed that R. G. & E. contracted with A. Friederich & Sons Co., a corporation, to construct the superstructure for a new power station. The contract did not provide for painting but subsequently a purchase order was issued to the contractor by R. G. & E. to include painting of the superstructure. The contractor was specifically obligated to provide the necessary labor and equipment while R. G. & E. furnished the paint. Payment for the work was to become due upon submission of signed time slips by the contractor. The contract provided that R. G. & E. should have the right of general inspection.

Plaintiff's decedent was an apprentice painter who had been in the employ of the contractor for a few weeks prior to his death. At the time of the accident he was working on a scaffold erected by the contractor with materials furnished by it. The scaffold was constructed of planking covered by a plywood deck in accordance with the contractor's instructions. As another employee of the contractor was completing the plywood decking to close a gap between the end of the scaffold's deck and the part of the structure upon which it rested, the deceased fell through the opening to a floor 53 feet below.

The evidence clearly demonstrated that the deceased was an employee of the contractor working under its supervision and control. The scaffold upon which he was working was exclusively the instrumentality of the contractor, and R. G. & E. in no manner exercised direction over its construction or over the conduct of the work and the equipment used. Under these circumstances, the complaint against R. G. & E. should have been dismissed and a verdict directed in its favor.

At common law, a general contractor, or an owner acting as general contractor, is not responsible for the independent negligent acts of his subcontractors and the mere retention of the power of general supervision over the work, without assumption of direct control over the particular work in progress, will not alter this rule of nonliability. (*Iacono* v. *Frank & Frank Contr. Co.*, 259 N. Y. 377, 381. See, also, *Zucchelli* v. *City Constr. Co.*, 4 N Y 2d 52; *Broderick* v. *Cauldwell-Wingate Co.*, 301 N. Y. 182; *Wohlfron* v. *Brooklyn Edison Co.*, 238 App. Div. 463, affd. 263 N. Y. 547.) The owner's duty is to furnish a safe place to work insofar as its own plant facilities are concerned and this duty has not been altered by statute (Labor Law, § 200). The illustration of this duty in *Hess* v. *Bernheimer & Schwartz Brewing Co.* (219 N. Y. 415, 418) is particularly in point. " While the employer must exercise reasonable care to have his own plant safe for the employees of the contractor, he does not stand in the shoes of the contractor and become liable for the latter's

negligence. If the employer furnishes a ladder or a scaffold for the contractor's employees to work on he must be careful to furnish a safe appliance (*Huston* v. *Dobson*, 138 App. Div. 810; *Fuller* v. *Mulcahy & Gibson*, 164 App. Div. 829), but if the contractor furnishes such appliances the employer does not thereby become responsible for their sufficiency. They are no part of the employer's plant; failure to furnish them is not a defect in the employer's plant; he is under no absolute duty to furnish them and the statute has no application." The extent of the duty of the owner of a plant in these circumstances was recently reviewed in *Gasper* v. *Ford Motor Co.* (13 N Y 2d 104, 110) where it was stated: "His duty is to furnish a safe ' plant ' * * *, but this duty does not make the owner responsible for the sufficiency of the contractor's own plant, tools and methods " (citations omitted). There is no evidence in this record to indicate that the " plant " furnished by the defendant R. G. & E. was not itself a safe place to work.

Subdivision 1 of section 240 of the Labor Law does not alter our view of this case. That statute provides: "A person *employing or directing* another to perform labor of any kind in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person *so employed or directed*." (Italics added.) This court considering the effect of this statute upon the liability of the plant owner in *Olsommer* v. *Walker & Sons* (4 A D 2d 424, 428–429, affd. 4 N Y 2d 793), has said: "Defendant contends that it was not ' A person employing or directing ' the plaintiff, and we agree that there is no evidence whatsoever that it was. ' The words " employing or directing another to perform * * * painting " mean just that.' (*Kluttz* v. *Citron*, 2 N Y 2d 379, 383.) Section 240 ' has been construed by many decisions of the higher courts of this State to place the duty of furnishing these devices on the immediate employers of the labor, and this would mean the subcontractor when he is in charge of performance. It would not mean an owner or general contractor, unless such person was actually doing the work himself without the intervention of a subcontractor.' (*Komar* v. *Dun & Bradstreet Co.*, 284 App. Div. 538, 541.) In *Iacono* v. *Frank & Frank Contr. Co.* (259 N. Y. 377, 382) the court stated: ' Nor do we think that the Legislature, in using the phrase " a person * * * directing another to perform labor," had in mind an owner performing

work through an independent contractor, or that it intended to impose liability upon such an owner for injuries arising from defective applicances supplied to his laborers by an independent contractor, as though the owner were a person "directing" such laborers.' "

More recently, in *Galbraith* v. *Pike & Son* (18 A D 2d 39, 44), where Pike, a general contractor, loaned a scaffold to Drew, the subcontractor, we said: "As to the defendant Pike, the situation is a different one. In our opinion, Pike could not be held liable under section 240 of the Labor Law upon the proof in the present record. Pike did not 'direct' the decedent to use the scaffold. Pike was under no obligation to supply the scaffold. Pike allowed Drew to use it solely as a favor to Drew. Under the cases, this was not enough to make Pike liable under the statute for the unsafe condition of the scaffold (e.g., *Glass* v. *Gens-Jarboe,* 280 App. Div. 378, affd. 306 N. Y. 786)."

The complaint against the Rochester Gas and Electric Corporation, therefore, should be dismissed, upon the merits, and judgment entered in favor of the defendant. The third-party complaint thereby becomes academic and should also be dismissed.

WILLIAMS, P. J., BASTOW and GOLDMAN, JJ., concur.

Order unanimously reversed on the law, without costs of this appeal to any party, and complaint dismissed, upon the merits, without costs, and third-party complaint dismissed as academic, without costs.