JAMES J. LICHTENTHAL, Individually and as Parent and Natural Guardian of MICHAEL J. LICHTENTHAL, an Infant, Appellant, v. MICHAEL GAWOSKI et al., Respondents.— Order insofar as appealed from unanimously reversed, with costs, and motion denied. Memorandum: Plaintiff, James J. Lichtenthal, appeals from an order which granted summary judgment dismissing his complaint against the defendants in his action to recover damages for personal injuries suffered by his infant son, Michael, and for his derivative damages. The incident giving rise to this lawsuit took place on July 20, 1971 when the infant plaintiff, Michael Lichtenthal, and the infant defendant, Michael Gawoski, and three other boys engaged in a "B-B gun war". The infant plaintiff was struck in the eye by a B-B shot from a gun by Michael Gawoski. Plaintiff commenced this action against the Gawoskis alleging, *inter alia,* that the father was negligent in permitting his son to have and play with a B-B gun knowing his propensities to use the gun dangerously and in not giving his son proper instructions in its use. Seeking an apportionment of liability under *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143), defendants counterclaimed alleging that the plaintiff father was himself negligent in permitting his infant plaintiff son to have and use a B-B gun knowing of his inexperience and/or dangerous propensities in the use of the gun and was further negligent in failing to supervise his son and in permitting him to instigate and participate in the so-called "game of war". Thereafter, attorneys defending plaintiff-father on the counterclaim moved to dismiss it on the ground that it did not state a cause of action. The defendants cross-moved to dismiss the complaint on the theory that if the counterclaim did not state a cause of action neither did the com-

plaint. Special Term concluded that neither pleading stated a cause of action and dismissed both the complaint and the counterclaim. Only the plaintiff appealed. We are presented with the question of whether this State recognizes a cause of action against a parent for negligently entrusting a dangerous instrumentality to a child who is under his supervision and control. New York courts have long held that such a cause of action exists (see *Lalomia* v. *Bankers & Shippers Ins. Co.*, 35 A D 2d 114, affd. 31 N Y 2d 830; *Carmona* v. *Padilla*, 4 A D 2d 181, affd. 4 N Y 2d 767), particularly where the instrumentality is a firearm or B-B gun (*Kuchlik* v. *Feuer*, 239 App. Div. 338, affd. 264 N. Y. 542; *Sullivan* v. *O'Ryan*, 206 Misc. 212). This well-settled rule states a duty owed, not to the child himself, but to others in the community who may be injured by the child's activities. (Appeal from part of order of Erie Special Term in negligence action.) Present — Witmer, J. P., Moule, Cardamone, Goldman and Del Vecchio, JJ.