**Peter RUFFINO, Plaintiff-Appellant,**

**v.**

**SCINDIA STEAM NAVIGATION CO., LTD., Defendant-Appellee.**

**No. 1099, Docket 77-7017.**

United States Court of Appeals, Second Circuit.

Argued May 25, 1977.

Decided July 18, 1977.

Morris Cizner, New York City (Zimmerman & Zimmerman, New York City, of counsel), for plaintiff-appellant.

James M. Hazen, New York City (Haight, Gardner, Poor & Havens, New York City, William P. Kain, Jr., New York City, of counsel), for defendant-appellee.

---

Before VAN GRAAFEILAND, Circuit Judge, MEHRTENS * and CARTER,** District Judges.

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from an order and judgment dismissing the complaint following the grant of defendant's motion for judgment notwithstanding the verdict. Plaintiff, a longshoreman, recovered the verdict for injuries received while discharging cargo from the tween deck of hatch No. 6 of defendant's ship, the m/v Jalajyoti, in Brooklyn, New York.

The cargo, consisting of tea and rugs, had been loaded in Calcutta, India by independent stevedores. The tea was in wooden boxes strapped on pallets, and the rolled rugs were stored five or six high on top of the tea. When injured, plaintiff and a fellow workman were removing rugs while standing on top of the stacked cargo. Plaintiff stepped on the end of a rug which overhung a space between two pallets of tea; and, when the unsupported rug bent under his weight, he lost his balance and fell into an open area between the stow and the skin of the ship.

It was plaintiff's contention that the space between pallets should have been covered over with dunnage and that he had no way of knowing it was not, because the rugs which were piled some three feet high hid it from view. At the same time, however, plaintiff sought to charge defendant shipowner with knowledge of this hidden condition. Because the district judge found no proof which would permit an inference that the shipowner had any such knowledge, he directed that judgment be entered in its favor. We affirm.

In enacting the 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., Congress intended to relieve shipowners of liability predicated upon the negligence of stevedoring companies. Napoli v. Hellenic Lines, Inc., 536 F.2d 505, 507 (2d Cir. 1976). After the amendment, Congress said, the vessel would be liable only for its own failure to use reasonable care, Munoz v. Flota Merchante Grancolombiana, S. A., 553 F.2d 837, 840 (2d Cir. 1977) which would be determined in accordance with land-based principles of negligence. Napoli, supra at 507.

The common law rule applicable to land-based injuries, with certain exceptions inapplicable herein,[1] is that a landowner is not responsible per se for the negligent acts of an independent contractor. Schnur v. Shanray Construction Corp., 31 A.D.2d 513, 294 N.Y.S.2d 652 (1st Dep't 1968); Grant v. Rochester Gas & Electric Corp., 20 A.D.2d 48, 49, 244 N.Y.S.2d 945 (4th Dep't 1963); Restatement (Second) of Torts § 409 (1965). Before liability can attach for such independently created danger, the owner must have knowledge of its existence and an opportunity to alleviate it. Brady v. Stanley Weiss & Sons, Inc., 6 A.D.2d 241, 243, 175 N.Y. S.2d 850 (4th Dep't 1958); Restatement (Second) of Torts § 343 (1965). This rule also applies to the common law duty to furnish a safe place to work. Zaulich v. Thompkins Square Holding Co., 10 A.D.2d 492, 496, 200 N.Y.S.2d 550 (1st Dep't 1960).

Application of these land-based principles to the claims of longshoremen means that a shipowner cannot be held liable for a dangerous condition created by an independent stevedore unless he has actual or constructive knowledge that the condition exists. Munoz v. Flota Merchante Grancolombiana, S. A., supra at 841; Gay v. Ocean Transport & Trading, Ltd., 546 F.2d 1233,

---

* Of the Southern District of Florida, sitting by designation.

** Of the Southern District of New York, sitting by designation.

1. Injuries arising from the performance of inherently dangerous work constitute one exception to the general rule. "But if the act to be done may be safely done in the exercise of due care, although in the absence of such care injurious consequences to third persons would be likely to result, then the contractor alone is liable, provided it was his duty under the contract to exercise such care." Engel v. Eureka Club, 137 N.Y. 100, 105, 32 N.E. 1052, 1053 (1893).

1238 (5th Cir. 1977); *Bess v. Agromar Line,* 518 F.2d 738, 742 (4th Cir. 1975); *Teofilovich v. d'Amico Mediterranean/Pacific Line,* 415 F.Supp. 732, 739 (C.D.Cal.1976); *Ramirez v. Toko Kaium K. K.,* 385 F.Supp. 644, 653 (N.D.Cal.1974); Restatement (Second) of Torts § 343 (1965).

We have here a condition which was allegedly defective but was concededly latent, *i. e.,* located in the in-shore wing of the upper tween deck and hidden from view by layers of carpets. The shipowner was not required to supervise the minute details of the loading stevedores' work. *Munoz v. Flota Merchante Grancolombiana, S. A., supra* at 840; *Teofilovich v. d'Amico Mediterranean/Pacific Line, supra,* 415 F.Supp. at 739. There was no proof that it did so. We cannot say that the district court erred in directing a verdict for the defendant because of plaintiff's failure to establish that defendant had notice of the claimed defect.

Judgment affirmed.