George KALOGEROS, Plaintiff,

v.

C. N. Lloyd BRASILEIRO, Defendant.

No. 76 Civ. 5520.

United States District Court,
S. D. New York.

Feb. 28, 1978.

Lawrence M. Rosenberg, Herbert M. Horowitz, New York City, for plaintiff; Seymour Armstrong, New York City, of counsel.

Healey, Stonebridge & McCaffrey, New York City, for defendant; Thomas H. Healey, New York City, of counsel.

## OPINION

FREDERICK van PELT BRYAN, Senior District Judge:

Plaintiff, George Kalogeros, an employee of the Neptune Machine Works (Neptune), was injured on February 16, 1974 while carrying a condenser cover down the stairs to the engine room of the S.S. Itapui, a vessel owned by the defendant C. N. Lloyd Brasileiro and docked at the time at Fort Hamilton Avenue in Brooklyn. Plaintiff brought this action to recover for the injuries he suffered in that accident. The case was tried before me without a jury on November 28–29, 1977.

Plaintiff was part of a crew of workers sent by Neptune, at the defendant's request, to make certain repairs in the engine room of the S.S. Itapui. Late in the day on February 15, 1974, plaintiff and several other Neptune workers came aboard the ship; they removed a condenser cover and other equipment from the engine room. They took the cover back to their shop that night, cleaned it and returned to the ship with the cover on the morning of February 16, 1974. Plaintiff and his co-workers arrived on the vessel at about nine a. m. on the sixteenth, whereupon Pappas, foreman of the Neptune crew, ordered plaintiff to take the condenser cover down to the engine room.

The condenser cover, shaped like a manhole cover, was about three feet in diameter and weighed between 125 and 150 pounds. Upon being told to take the cover downstairs, with no particular instructions as to how to do so, plaintiff picked up the cover, holding it vertically in front of him so that it rested against his stomach, and proceeded to carry it, by hand, down to the engine room. To get there, he had to descend a set of metal stairs. When he was partly down those steps, he slipped and fell to the bottom. He was knocked unconscious and suffered injuries to his back and elsewhere.

■ Plaintiff's claim, under the amended version of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA),[1] is governed by ordinary land-based principles of negligence. *Napoli v. Hellenic Lines, Ltd.*, 536 F.2d 505, 507 (2d Cir. 1976). The first issue is whether the shipowner was negligent. That question is dispositive of this case.

■ Plaintiff would assign negligence to the shipowner on two grounds. First, he contends that there was oil on the steps which caused him to fall. The only evidence in support of this claim is plaintiff's testimony that approximately one-half hour after the accident, when he regained consciousness, he noticed oil on the back of his shoes and socks and the bottom of his pants. However, plaintiff stated in his deposition that he saw no evidence of oil on the steps as he was descending with the cover. Moreover, the Second Engineer in charge of the engine room on the morning in question stated that he used the stairs three times beginning at six a. m. that day, the last time only one-half hour before the accident,

---

1. *See* Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972, Pub. L.No.92–576, 86 Stat. 1251 (amending 33 U.S.C. §§ 901 et seq. (1970)).

and he never saw any oil on the steps. He also stated that he checked the steps after the accident and found them to be free of any oil or other defect.

This evidence is insufficient to sustain a finding that there was oil on the stairs which caused plaintiff's fall. *See Perry v. Morgan Guaranty Trust Co. of New York*, 528 F.2d 1378 (5th Cir. 1976); *Wiseman v. Sinclair Refining Co.*, 290 F.2d 818, 820 (2d Cir.), *cert. denied*, 368 U.S. 837, 82 S.Ct. 63, 7 L.Ed.2d 37 (1961). *See also Armstrong v. Commerce Tanker's Corp.*, 311 F.Supp. 1236 (S.D.N.Y.1969), *aff'd*, 423 F.2d 957 (2d Cir.), *cert. denied*, 400 U.S. 833, 91 S.Ct. 67, 27 L.Ed.2d 65 (1970). Here, as in *Wiseman*, the only evidence to support plaintiff's claim is that he saw oil on his clothes sometime after the accident. But neither plaintiff nor anyone else ever saw oil on the step on which plaintiff slipped. A finding of negligence cannot be based on speculation. *Jaramillo v. United States*, 357 F.Supp. 172, 175–76 (S.D.N.Y.1973).

The facts here do not justify a finding of negligence for a further reason. Even assuming plaintiff slipped on oil on the steps, defendant had no notice of such a condition. Prior to the 1972 amendments to the LHWCA, courts rejected claims by longshoremen and others similar to the one here precisely because the defendant had not had an opportunity to learn of the condition and correct it. *See, e. g., McDonald v. Dingwall Shipping Co.*, 135 F.Supp. 374 (S.D.Tex.1954). *See also Rice v. Atlantic Gulf & Pacific Co.*, 484 F.2d 1318 (2d Cir. 1973); *Daniels v. Pacific Atlantic S.S. Co.*, 120 F.Supp. 96 (E.D.N.Y.1954). The new version of the act invokes land-based principles of negligence, and the notice requirement remains. *See Espinoza v. United States Lines, Inc.*, 444 F.Supp. 405 (S.D.N.Y.1978); *Gallardo v. Westfal-Larsen & Co. A/S*, 435 F.Supp. 484 (N.D.Cal.1977).

The House Report on the amendments to the LHWCA states, in an illustration pertinent to the instant case:

[W]here a longshoreman slips on an oil spill on a vessel's deck and is injured . . . [t]o recover he must establish that: (1)

the vessel put the foreign substance on the deck, or knew that it was there, and willfully or negligently failed to remove it; or (2) the foreign substance had been on the deck for such a period of time that it should have been discovered and removed by the vessel in the exercise of reasonable care by the vessel under the circumstances.

H.R.Rep.No. 1441, 92d Cong., 2d Sess. (1972), *reprinted in* 1972 U.S.Code Cong. & Admin.News 4698, 4704.

The Second Restatement of Torts provides that:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition.

. . .

Restatement (Second) of Torts § 343 (1965). Here there is no evidence that the defendant knew or by the exercise of reasonable care would have discovered oil on the steps. The shipowner therefore cannot be held liable even if oil on the steps was the cause of plaintiff's accident.

As an alternate predicate for finding negligence, plaintiff contends that a hoist was available on the ship and it could have been, but was not, used to get the condenser cover into the engine room. Unquestionably, a hoist was on board in a position where it could have been employed to get the condenser cover downstairs. It is another matter to charge the defendant with negligence because this procedure was not followed in the circumstances. Had an employee of Neptune requested it, no doubt the ship's crew would have made the hoist available and provided someone to operate it, if necessary. But no request was made by plaintiff, his foreman, or anyone else.

The defendant cannot be held liable for not seeing to it that plaintiff used the hoist to get the cover downstairs. It is doubtful that the Second Engineer who was in charge of the hoist at the time knew that the Neptune workers had come on board,

much less that the condenser cover was being brought downstairs in an unsafe manner. The testimony of plaintiff's witness, Keeler, adds nothing to plaintiff's claim. He asserted that the preferred practice in terms of safety would have been to use the hoist to bring the cover downstairs. But there is no showing that the defendant knew that the cover was being brought down by a less safe method. Moreover, even had the vessel's crew been aware of it, I cannot say that they should have interfered with the details of Neptune's performance of its responsibilities.

As the Court of Appeals explained in *Ruffino v. Scindia Steam Navigation Co.,* 559 F.2d 861, 862–63 (2d Cir. 1977):

[A] shipowner cannot be held liable for a dangerous condition created by an independent stevedore unless he has actual or constructive knowledge that the condition exists. *Munoz v. Flota Merchante Grancolombiana, S.A.,* 553 F.2d 837, 841 (2d Cir. 1977); *Gay v. Ocean Transport & Trading, Ltd.,* 546 F.2d 1233, 1238 (5th Cir. 1977); *Bess v. Agromar Line,* 518 F.2d 738, 742 (4th Cir. 1975); *Teofilovich v. d'Amico Mediterranean/Pacific Line,* 415 F.Supp. 732, 739 (C.D.Cal.1976); *Ramirez v. Toko Kaium K.K.,* 385 F.Supp. 644, 653 (N.D.Cal.1974); Restatement (Second) of Torts § 343 (1965). . . . The shipowner was not required to supervise the minute details of the loading stevedores' work [citations].

*See also Hickman v. Jugoslavenska Linijska Plovidba Rijeka, "Zvir,"* 570 F.2d 449 (2d Cir. 1978). The statements from *Ruffino* about stevedores apply equally to Neptune as an independent contractor who came aboard to do repair work on defendant's ship. The shipowner was not responsible for supervising the minute details of Neptune's work.

Plaintiff has a claim against the defendant only if the defendant was negligent. The line of reasoning by which plaintiff would find negligence on the defendant's part here, however, is just short of fanciful. The argument goes that the defendant acted unreasonably in (1) failing to discover that Neptune was about to transfer the condenser cover to the engine room, (2) failing to discover that the method to be employed was not the safest possible one, and (3) failing to interfere and force Neptune to use the better practice of hoisting the cover down. It would be extremely onerous to impose on a shipowner the duty of doing all these things in order to avoid liability, and I decline to do so. *See Fitzgerald v. Compania Naviera La Molinera,* 394 F.Supp. 413, 416–17 (E.D.La.1975). *Cf. Bess v. Agromar Line,* 518 F.2d 738 (4th Cir. 1975).

Plaintiff having failed to establish negligence on the part of the defendant, judgment shall be entered in favor of the defendant and the plaintiff's claim dismissed with costs.

Pursuant to Fed.R.Civ.P. 52, the foregoing opinion constitutes my findings of fact and conclusions of law.

IT IS SO ORDERED.